### JOHN BYARD v. HUGH HOLMES.

1. To maintain an action on the case for deceit, the plaintiff must allege, with reasonable certainty, and be prepared to prove—1. That the defendant made some representation to the plaintiff, meaning that he should act upon it. 2. That such representation was false, and that the defendant, when he made it, knew it to be false. And, 3. That the plaintiff, believing such representation to be true, acted upon it, and was thereby injured.

2. The declaration must show not only what the fraud was by which the plaintiff has been injured, but also its connection with the alleged damage, so that it may appear judicially to the court that the fraud and the damage sustain to each other the relation of cause and effect, or, at least, that the one might have resulted directly from the other.

3. A mere general allegation that the matter stated was a pretence, and that the plaintiff was falsely and fraudulently deceived by it, is not sufficient, either in criminal or civil cases, to fasten upon such matter the character of a *false pretence;* and this can be done in no other way than by a distinct and specific averment of the falsehood of each separate matter of fact stated by the defendant and intended to be denied by the plaintiff.

On demurrer to declaration.

Argued before the CHIEF JUSTICE, and BEDLE, SCUDDER, and WOODHULL, Justices.

For the demurrer, *T. Runyon.*

Contra, *A. B. Woodruff.*

WOODHULL, J. This is an action on the case, for deceit. The declaration, to which there is a general demurrer, contains four counts, the first three alleging deceit, &c., on the sale of certain oil stock, and the fourth on the sale of certain oil lands.

The action being grounded on fraud in the defendant, concurring with damage to the plaintiff resulting from that fraud, to maintain it, the plaintiff must allege, with reason-

able certainty, and be prepared to prove, at least these three things: 1. That the defendant made some representation to the plaintiff, meaning that he should act upon it. 2. That such representation was false, and that the defendant, when he made it, knew it to be false. 3. That the plaintiff, believing such representation to be true, acted upon it, and was thereby injured. *Lummis* v. *Stratton*, 1 *Penn.* 245; *Pasley* v. *Freeman*, 3 *Term R.* 51; *Upton* v. *Vail*, 6 *Johns. R.* 181; *Langridge* v. *Levy*, 2 *Mees. & W.* 519; *Gerhard* v. *Bates*, 2 *E. & B.* 488, (75 *E. C. L.*)

As the plaintiff can recover nothing in this action without proof of material fraud—that is, such as has resulted in actual damage—and can recover for such loss only as he can show to be a direct consequence of that fraud, (*Sedgwick on Meas. of Dam.* 659; 2 *Parsons on Contracts* 769; *Ib.* 771,) it follows that the plaintiff must show, with reasonable certainty, in his declaration, not only what the fraud was by which he has been injured, but also its connection with the alleged damage, so that it may appear judicially to the court that the fraud and the damage sustain to each other the relation of cause and effect, or, at least, that the one might have resulted directly from the other.

The degree of certainty required in a declaration is that which is usually designated as *certainty to a certain intent in general*, and is the same as that required in indictments and informations. 1 *Chitty's Pl.* 268; *Gould's Pl.* 73–75, §§ 53–55, (*ed.* 1861.)

Tested by these principles, the first count will be found to be bad for uncertainty.

It fails to disclose, with that degree of certainty which the rules of pleading require in a declaration, any false representation made by the defendant to the plaintiff, by which the plaintiff could have been deceived and injured.

The representation alleged is, that the defendant, on a certain day, was "the owner of seventy acres of good oil land, on Oil creek, near McClintockville, in the state of Pennsylvania, which said seventy acres of land he, the said

defendant, was to put into the said company, to be owned and used by the said company in boring for and procuring oil therefrom, and that there were seven oil wells upon the said land;" and the only averment by which the plaintiff attempts to negative or falsify this representation is in these words: "Whereas, in truth and in fact, at the time, &c., the said defendant was *not* the owner of seventy acres of good oil land on Oil creek, near McClintockville, in the state of Pennsylvania, nor of any such like quantity of oil land there, which he, the said defendant, was to put into the said company, to be owned and used by the said company in boring for and procuring oil therefrom as aforesaid, which he, the said defendant, then well knew."

Now, what is the effect of this general denial of the alleged pretence or pretences of the defendant?

Is it to be understood as terminating upon the time, and does it mean nothing more than that the defendant, on the very day stated, did not own, &c.? Assuming this to be its meaning—and it certainly may mean this, and nothing more—the misrepresentation is manifestly immaterial, for the defendant may have owned the land described, on the next day, and may have put it into the company as the basis of its stock; and if he did, it could make no possible difference in the value of the plaintiff's stock, whether the defendant owned the land on the day stated or not.

But the real difficulty is, that this attempt to negative, by a mere general denial, a complex statement embracing several distinct particulars, necessarily leaves it in doubt whether the plaintiff intended to allege that all of the particulars are false, or only some or one of them.

The negation may be understood to terminate on the *time;* but it may just as well be understood to terminate on the quantity of the land, or on its location, or on its quality, or on any other particular fact embraced in this representation. If all of these connected particulars are untrue, the negation will of course be satisfied; but it will be equally so if only

one of them is untrue, and that one the least important of them all, and perhaps wholly immaterial.

The inevitable result is, that neither the court nor the defendant can possibly know either what the false representation, by which the plaintiff was deceived and injured, really was, or what the plaintiff himself conceived it to be.

On well-established principles of pleading already referred to, such uncertainty as this must be equally fatal, whether found in an indictment or in a declaration.

The result of the authorities, so far as I have examined them, whether cases or precedents, is, that a mere general allegation that the matter stated was a pretence, and that the plaintiff was falsely and fraudulently deceived by it, is not sufficient, either in criminal or civil cases, to fasten upon such matter the character of a *false pretence*, and that this can be done in no other way than by a distinct and specific averment of the falsehood of each separate matter of fact stated by the defendant, and intended to be denied by the plaintiff. *King* v. *Perrott*, 2 *M. & S.* 379 ; *People* v. *Stone*, 9 *Wend.* 182 ; *People* v. *Haynes*, 11 *Wend.* 557 ; *People* v. *Gates*, 13 *Wend.* 311 ; 3 *Chitty's Crim. Law* 999–1021 ; *Archbold's Crim. Pl.* 245–247 ; *Wharton's Am. Crim. Law* 643 ; 2 *Chitty's Pl.* 680–711.

What has been said with reference to the first count will be found to apply, in all respects, to the second and third, and, I think, substantially to the fourth count also.

Although at first inclined to the opinion that the fourth count might be sustained, a closer examination of it has satisfied me that it is open to the same objections as the others, although, perhaps, not quite to the same extent.

The only difference in the statement of the pretences is the addition here of the words "and that the said land was of great value as oil-producing land, and that great gains and profits would be made by investing money in the said land."

And the only difference in the denial of the alleged pretences is, the introduction of the words "or elsewhere,"

Byard v. Holmes.

after " Pennsylvania," and immediately after the *scienter*, the addition of the words "but on the contrary, the said defendant had only three and a half acres of oil land on Oil creek, in said state, which were of no use, or value as oil land, and no gains or profits could be or were made by investing money in the said land, but the same were of no use or value as oil-producing lands."

The bargain alleged in this count is for a "right and interest in certain oil lands" which were to be made the basis of an oil company. How does it appear that these lands were not made the basis of an oil company? Whether the defendant owned seventy acres of land, or only three and a half acres, or none at all, on the very day stated, is of no consequence, provided that land such as he described was afterwards put into the company by him or by his procurement.

That part of the denial in which the plaintiff attempts to be more specific than in the other counts is altogether too vague to be of any value in the case. "But, on the contrary, the said defendant *had* only three and a half acres." *Had* when? *Had* in what sense? The pretence alleged is "that the defendant *owned* seventy acres," &c.; the plaintiff attempts to deny this by averring that the defendant *had* only three and a half acres, &c.

On the whole, it must be conceded, I think, that the fourth count is very little, if any, better, on the score of certainty, than the others.

We have here, in effect, the same complex statement, embracing several different pretences, the same attempt to negative these pretences in the lump; and as the result, the same perplexing doubt, whether, after all, the defendant may not have done in good faith all that he undertook to do, or if not, whether he has failed in such a way as to work any damage to the plaintiff.

There must be judgment for the defendant.

The CHIEF JUSTICE, and BEDLE and SCUDDER, Justices, concurred.