MANCHESTER BUILDING AND LOAN ASSOCIATION

*v.*

PHILLIPPE GEYER et al.

[Decided April 21st, 1906.]

Where a corporation by its by-laws designates some particular officer as its agent to receive moneys due it, the members of that association are charged with knowledge of such regulation or by-law, and payment to any other officer or person can only bind the corporation if it actually receives the money. If, however, notwithstanding such by-law or regulation, the corporation, by its conduct, authorizes, or, by its action, ratifies, payment to some other than the designated agent, it will be bound. But to thus bind the corporation by estoppel or on the ground that it has authorized or ratified, it must, in each instance, be shown that the directors thereof knew of the conduct of the officers and acquiesced in or ratified it passively or actively.

---

Heard on bill, answer, replication and proofs in open court.

Under the above title two other cases, identical as to the points involved and between the same parties, were tried. In disposing of them in this opinion, they will be referred to as if one case.

This is a bill to foreclose a mortgage given by Phillippe Geyer to the Manchester Building and Loan Association. It is charged in the bill that the defendant has defaulted in the payment of dues and interest, in violation of the covenants of the mortgage. The defence, so far as it concerns the matter to be decided, is that there was no default in this respect.

*Mr. Jacob Willard De Yoe,* for the complainant.

*Mr. Robert P. Geyer,* for Phillippe Geyer.

GARRISON, V. C.

The sole question to be determined in this case, at this time, is whether $336 was paid by Phillippe Geyer to the Manchester Building and Loan Association, in February, 1905.

Geyer became a member of this association in the year 1896. The headquarters of the association were at Haledon, N. J. Its by-laws provide (page 11, section 6): "The board of directors shall meet on the second Monday evening of each and every month, at 8 o'clock, * * * for the purpose of receiving from the shareholders their monthly dues." Page 10, section 5, relating to the secretary, provides: "He shall receive all moneys from the members and others, and without delay pay the same over to the treasurer, taking his receipt therefor." It is also provided that the secretary shall give bond.

When Geyer became a member of this association he went to Haledon upon the meeting nights and paid his dues to the secretary. Afterwards, because he lacked the time to go to Haledon for this purpose, he paid them to William H. Belcher, who was the president of the association. Belcher had an office in Paterson, N. J., and after 1903 the secretary of the association established a Paterson office for the association in Belcher's suite of offices, and advertised upon the annual statements sent to the members that "the secretary is always at the Paterson office on the Saturday evening preceding the second Monday of each month."

Geyer made no payments to anyone from December, 1903, to February, 1905. Geyer had a mortgage on property owned by Belcher, and in February, 1905, Belcher sent for Geyer to come to his office at Paterson to receive the money due upon this mortgage. Geyer at that time, according to his testimony, received from Belcher $600, which was the amount due upon this mortgage. He asked Belcher how much he owed the building association, and was told $336, whereupon he gave to Belcher, from the money Belcher had just paid him, $336. Belcher absconded and did not pay the money to the building and loan association.

The contention of Geyer is that this money should be credited to him by the building and loan association.

There is no occasion for the citation of authorities, because the principles are entirely settled. It is merely a matter of the proper application thereof to the facts proven. Without attempting to precisely define the law in this regard, it may be briefly stated to be as follows: Where a corporation by its by-laws designates some particular officer as its agent to receive moneys due it, the members of that association are charged with knowledge of such regulation or by-law, and payment to any other officer or person can only bind the corporation if it actually receives the money. If, however, notwithstanding such by-law or regulation, the corporation, by its conduct, authorizes, or, by its action, ratifies, payment to some other than the designated agent, it will be bound.

A course of conduct pursued for a long time by officers of a corporation, if it is known to the corporation, will bind it, even though such conduct is in violation of the by-laws.

But to thus bind the corporation by estoppel or on the ground that it has authorized or ratified, it must, in each instance, be shown that the directors thereof knew of the conduct of the officers and acquiesced in or ratified it passively or actively.

In the case at bar there is no evidence of any character to show that the directors of this building and loan association had any knowledge whatever of the conduct of Belcher and Geyer with respect to payments of Geyer's dues. The only two officers of the association who are shown to have any knowledge whatever concerning the matter are Belcher, the president, and Allee, the secretary. The reason given by Geyer for paying Belcher was that he had not time to go up to Haledon to the monthly meetings to make his payments.

I think it entirely clear from the proofs in this case that Belcher was his agent, and was not authorized by the association to act for it in this matter in this way, and that his conduct in so acting was not ratified by the association through its directors.

It is not necessary to dwell upon the necessity of holding that each shareholder in these mutual enterprises must be held to a strict observance of the by-laws in order that every shareholder's

rights may be preserved. Nor is it necessary to cite authorities for the proposition that where one of two persons must suffer, if they are each equally innocent, that one must be held to endure the loss whose lack of care occasioned it.

In this case the association does not appear to have lacked any care; whereas Geyer, undoubtedly, by paying money to Belcher instead of going to the meetings himself and paying it, or paying it to the secretary, was not careful to observe the rules binding him and all other members of the association.

A further consideration making against the contention of Geyer is that whatever might be held with respect to monthly dues paid to an officer not authorized by the by-laws to receive the same, it does not follow that the payment of a large sum for back dues would be governed by the same rule. Even in a case where the board of directors might be held to have ratified or approved the payment of monthly dues as they were payable to some officer other than the one designated by their by-laws, it would not follow that such authorization or approval would be effective with respect to a large accumulation of back dues paid to the same person. It might well be that a board of directors were willing to be responsible for a small sum of monthly dues collected by one of its members or by some officer of the association other than the designated one, without being willing to be responsible for an accumulated amount of dues to be thus collected by such unauthorized person.

My conclusion, therefore, is that the payment of $336 is not to be credited to Geyer. There will be a reference to a master to ascertain and report the amount due.