JOSEFA WYSOKOWSKI. RESPONDENT, v. THE POLISH-AMERICAN BUILDING AND LOAN ASSOCIATION OF THE CITY OF NEWARK, APPELLANT.

Submitted December 2, 1920—Decided March 24, 1921.

1. The rule is fundamental that when one of two innocent parties must suffer by reason of a misplaced confidence, the loss must fall upon him who reposed the confidence. and thereby made the loss possible.

2. If one place another by language or conduct in a responsible position, he thereby holds him out as having authority to do the act within the apparent scope of his authority, and where others relying upon this apparent authority deal accordingly with the agent, the principal is thereby estopped from denying the authority thus apparently conceded.

---

On appeal from the First District Court of Newark.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the appellant, *Vincent Schultz* and *Fred. G. Stickel, Jr.*

For the respondent, *Stein, Stein & Hannock.*

The opinion of the court was delivered by

MINTURN, J. The District Court rendered judgment for the plaintiff upon the following state of facts: Defendant, a building and loan association of this state, on February 4th, 1919, opened two accounts with Catherine, the sister

of the plaintiff, one account in the name of the plaintiff and the other in the name of Catherine Muzuiska, the sister, whereby Josefa subscribed for two and a half shares of stock of the association, Catherine at the time representing that she was in fact Josefa Wysokowski, and the shares were so issued. At the same time she subscribed for a similar number of shares in her own name. The building loan officials had no other knowledge of the identity of the parties; Catherine personally made the subscription payments, received the pass-books and thereafter made all payments upon the respective subscriptions, as well as the incidental dues, although the plaintiff advanced the moneys on her shares which Catherine as the intermediary paid upon the plaintiff's shares.

On June 17th, of the same year, Catherine, without plaintiff's knowledge, presented plaintiff's pass-book and obtained from the defendant $350 from the account of the plaintiff, without plaintiff's knowledge. She then stated that her name was Josefa Wysokowski, and the check of the defendant was duly drawn and delivered to her upon that assumption. She endorsed the check in plaintiff's name as payee, and then and there cashed it, and appropriated the money to her own use. It was only about six months thereafter that the plaintiff learned of the withdrawal and placed the defendant in possession of the real facts evincing the duplicity of Catherine.

The plaintiff brought suit for $500 representing her total deposit. The defendant offered to pay to her the difference between the amount of Catherine's withdrawal and the plaintiff's actual deposit; this she refused to receive and the trial resulted in a judgment in her favor for the full amount.

The rule is fundamental that when one of two innocent parties must suffer, the loss must fall upon him who reposed the confidence, and thereby made the loss possible. *Manchester B. & L. Assn.* v. *Geyer,* 71 *N. J. Eq.* 192; 10 *R. C. L.* 695, and cases cited; 21 *C. J.* 1170, and cases cited.

In the case at bar the plaintiff entrusted the payments of

cash made upon her subscription for the shares to Catherine; and the record shows that it was only when her suspicions were aroused, six months after Catherine had withdrawn the money in question, that she was sufficiently aroused to investigate the situation, and then made the discovery of the fraud perpetrated·upon her.

The fair inference also results from the facts that she delegated ·Catherine in the first instance to open the account and represent her as a purchaser of the shares of the defendant. The dominant fact in the case is, that under this apparent delegation of authority, the defendant, misguided by Catherine's representations, assumed that it was dealing with the plaintiff in *propria, persona,* who, in addition to her representations of identity, possessed the additional aid to her identity by producing the pass-book issued to her in the name of the plaintiff, at the very inception of their business. Thus the defendant was misled by the confidence reposed by the plaintiff in her sister Catherine, who was thereby practically constituted her *alter ego.*

In such a situation the plaintiff, upon well-recognized principles, has created an estoppel *in pais* which debars her from invoking liability against the innocent party to the transaction, who was in nowise the superinducing or proximate cause of the loss. .The doctrine of estoppel *in. pais* is enforced alike by both courts of law and equity. *Sun Dredging Co.* v. *Ottens,* 84 *N. J. L.* 740.

And it arises, in any situation when the parties have acted on the faith of conduct or representations,· which causes one of the parties to change his position to his detriment, and results in a case of this character, as a logical consequence of the fundamental theory of representation underlying the doctrine of agency, so, that if one place another by language or conduct in a responsible position, he thereby holds him out as having authority to do the act within the apparent scope of his authority, and where others relying upon this apparent authority deal accordingly with the agent, the principal is thereby estopped from denying the authority thus apparently conceded.

As early as *Reynall* v. *Lewis*, 15 *M. & W.* 517, 528, Chief Baron Pollock declared "this representation may be made directly to the plaintiff, or made publicly so that it may be inferred to have reached him, and may be made by words or conduct."

The same doctrine was applied in *Batavia Bank* v. *New York, &c., Railroad Co.*, 106 *N. Y.* 195, and in *Fiore* v. *Ladd*, 29 *Pac. Rep.* 435.

This principle has been so well settled by uniform authority throughout the union that a mere reference to the statement of such recognition in the leading digests of authority would seem to be all that the disposition of this case requires. 10 *R. C. L.* 695, and cases cited; 21 *C. J.* 1172, and cases cited.

The judgment under review will therefore be reversed.