JOSEFA WYSAKOWSKA, APPELLANT, v. THE POLISH-AMERICAN BUILDING AND LOAN ASSOCIATION OF THE CITY OF NEWARK, RESPONDENT.

Argued June 24, 1921—Decided November 14, 1921.

1. Where one permits another who is not known to be his agent to contract as apparent principal, and afterwards intervenes, the innocent third party is entitled to be placed in the same situation at the time of the disclosure of the actual principal as if the agent had been the principal himself, and such third party is entitled to the same defence against the actual principal as he was at that time against the agent—the apparent principal.

2. J. permitted C., who was not known to be her agent, to deposit as apparent principal, with defendant association, J.'s money for stock; C., who represented herself to be J., received the pass-book and certificates made out to J., and she (C.) afterwards presented the pass-book to the defendant association, without J.'s knowledge, and obtained from it a portion of the money deposited by her in J.'s name; after discovering the fraud J. sued defendant association to recover the moneys thus withdrawn by C. *Held,* that J.'s conduct in implicitly trusting C. and never dealing with the association herself—never even disclosing her identity to it—made her the one of two innocents who must suffer, because her lack of care and culpable negligence enabled C. to occasion the loss.

On appeal from the Supreme Court, whose opinion is reported in *95 N. J. L.* 352.

For the appellant, *Stein, Stein & Hannoch.*

For the respondent, *Fred G. Stickel, Jr.,* and *William S. Naughright.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was an action at law in the First District Court of Newark to recover for payments made by the plaintiff on account of shares in the defendant association. She recovered a judgment which was reversed in the Supreme Court and we concur in the decision of the latter tribunal, but not altogether for the reasons given in that court.

The Supreme Court, in its opinion, wherein the facts sufficiently appear, says that the plaintiff created an estoppel *in pais* which debarred her from invoking liability against the innocent party (defendant) to the transaction, which is right enough, but goes on and says that if one place another by language or conduct in a responsible position he thereby holds him out as having authority to do the act within the apparent scope of his authority, and where others, relying upon this apparent authority, deal accordingly with the agent, the principal is thereby estopped from denying the authority thus apparently conceded. As a general proposition this is unassailable, but it does not apply to the facts of the case *sub judice.* Now, it is true that the plaintiff, Josefa, placed her sister Catherine, who defrauded her, in a position of trust and confidence *as between themselves,* and that enabled Catherine to take advantage of her position, but Josefa did not hold her out to the defendant association as having authority to do any act —did not make herself known to the association at all—and, therefore, the defendant did not rely upon any authority, apparent or otherwise, reposed by Josefa in Catherine.

The question, as between the plaintiff and defendant, was not one of agency, but one of *identity* of the only person with

whom they dealt, namely, Catherine. What occurred was this: Catherine, plaintiff's sister, opened two accounts with the defendant association, one in the name of the plaintiff, her sister, and the other in her own name. In the former she in form subscribed for certain stock of the association, at the time representing that she was in fact Josefa, and the shares were issued to her in Josefa's name, she, at the same time, subscribing for shares in her own name. Catherine personally made the subscription payments, received the pass-books and thereafter made all payments on the two subscriptions, as well as the incidental dues, although the plaintiff advanced the money on her own shares to Catherine, which the latter actually paid upon them. Thereafter Catherine, without plaintiff's knowledge, presented her (plaintiff's) pass-book to defendant and obtained from it a portion of the amount deposited in the plaintiff's name, payment being made by check of the defendant to the order of Josefa, which was endorsed by Catherine in Josefa's name and cashed by the defendant association. The defendant knew her as Josefa, and must have assumed that someone else was Catherine. The association paid the person who opened the account with it and made the deposits, the only person it knew or could identify as the owner of the particular account.

But this is a case where Josefa's conduct in implicitly trusting her sister Catherine and never dealing with the association herself—never even disclosing her identity to it—made her one of two innocents who must suffer, because her lack of care and culpable negligence enabled Catherine to occasion the loss.

The doctrine laid down in *Chit. Cont.* 306, quoted in *Bernhouse* v. *Abbott,* 45 *N. J. L.* 531, is apposite. It is as follows: "Where a principal permits one who is not known to be an agent to sell as apparent principal, and afterwards intervenes, the buyer is entitled to be placed in the same situation at the time of the disclosure of the actual principal as if the agent had been the real contracting party; and he is entitled to the same defence against the principal, whether it be by common law or by statute, as he was entitled to at that time against the agent, the apparent principal. Accordingly, if in such a case

the defendant has acquired a set-off against the agent, before the principal has interposed, the latter will be bound by the set-off."

The facts in the case at bar fall within this rule, as Josefa permitted Catherine, who was not known to be her agent, to deposit as apparent principal, with defendant building and loan association Josefa's money for stock, and now that Catherine's forgery and embezzlement has been disclosed after the association has paid Catherine, innocently believing her to be Josefa, it is entitled to be placed in the same situation as if Catherine had been the depositor of her own money; and the association is entitled to the same defence against Josefa as it was entitled to against Catherine at the time of the withdrawal of the funds, namely, payment. Of course, the doctrine of estoppel *in pais* applies, but not for the reason given by the Supreme Court that Catherine was held out as agent with apparent authority.

Let the judgment of the Supreme Court be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, VAN BUSKIRK, JJ. 11.

*For reversal*—None.