CHARLES M. HALPERN, RESPONDENT, v. NICHOLAS J. CAFARELLI, APPELLANT.

Submitted July 6, 1922—Decided November 9, 1922.

An agreement to do something *in futuro*, relieved of all the elements indicating specific fraud, is regarded as a mere expression of opinion, or a mere promise or conjecture upon which the other party has no right to rely, particularly where the means of information or investigation are equally within the range of both parties.

On appeal from the Hoboken District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the respondent, *Samuel Harber.*

For the appellant, *Charles H. Burtis* and *Emil Walscheid.*

The opinion of the court was delivered by

MINTURN, J. Not inappropriately the present state of the case might be termed "a tale of two lawyers." It pictures the confidence reposed by two members of the bar in two persons of the opposite sex, who with rare perspicacity secured all the advantages incident to a bargain day in real estate. One possessed a bond and a mortgage covering certain real estate, which the plaintiff had agreed to purchase, upon the understanding that the mortgage would be canceled upon payment of $340 of the principal due thereon, without interest. The defendant, representing the mortgagee, produced and tendered an assignment of the mortgage executed by the mortgagee in blank, which the plaintiff's attorney declined to accept, and requested the defendant to procure the cancellation of the mortgage. This the defendant agreed to do, but suggested to plaintiff's attorney that he close the title and retain the $340 which he, the defendant, would collect upon his return that day with the canceled mortgage.

This was done, and the plaintiff became the owner in fee of the real estate, subject to the cancellation of the mortgage. But the defendant never returned with the canceled instrument, for the reason that meanwhile the owner thereof sold and assigned it to another woman who purchased it for the sum of $340 and attorney's fees, and who shortly thereafter confronted the plaintiff with the mortgage and assignment and demanded, not the consideration which defendant had agreed to accept, but $800 cash, as an alternative to the foreclosure of the mortgage, and, needless to relate, she received it.

The plaintiff now seeks to recover the difference between the sum agreed to be withheld to meet the cancellation of the obligation and the sum he was forced to pay for its cancellation, and the District Court awarded judgment in his favor therefor. Evidently both lawyers had confidence in what Longfellow in the realm of romance aptly describes, as "the beauty and strength of woman's devotion." But manifestly romance plays but little part in the passing of titles to real estate encumbered by a mortgage, but the incident rather serves as a reminder of the profound observation of Juvenal, *"Nulla fere causa est, in qua non femina litem moverit."*

The plaintiff characterizes the defendant's conduct in this situation as a fraud and a deceit which has worked monetary loss to his client. In this we think he is in error. Whatever relief he may obtain upon the theory of a contract upon legal principle, he cannot succeed upon the theory of a tort, for in the defendant's conduct we perceive only a mistaken assumption of confidence and ability, and based thereon a broken promise, and not intentional actionable fraud or deceit, within the legal concept of those terms.

The incident partakes rather the character of an illusion of one lawyer resulting in the disillusionment of two, and is reminiscent of the pessimistic casuistry of the ancient philosophy, which perceived nothing upon this mutable sphere which may be taken absolutely for granted, and least of all the stability of the human mind.

The legal rule regarding deceit and fraud, as a basis for a legal action, upon the promise to perform an act *in futuro,* is settled by unanimity of authority. Thus it is declared, after an analytical review of the cases, that "while a statement of a matter in the future, if affirmed as a fact, may amount to a fraudulent representation, it must amount to an assertion of a fact, and not an agreement to do something in the future." 12 *R. C. L.* 252, and cases cited.

Citation of the decided cases in this state, beginning with *Lummis* v. *Stratton,* 2 *N. J. L.* \*245, and *Byard* v. *Holmes,* 34 *Id.* 296, serves to illustrate the undeviating and harmonious persistence of this rule throughout the years.

So, it has been generally held, that an agreement to do something *in futuro,* relieved of all the elements indicating specific fraud (none of which is in evidence here), is regarded as a mere expression of opinion, or a mere promise or conjecture, upon which the other party has no right to rely, particularly where the means of information or investigation are equally within the range of both parties. 12 *R. C. L.* 252, and cases cited.

Consistently with this settled rule, we recently held in this court that "fraud which would warrant a purchaser to recover from a broker the amount of his deposit, must be intentional and designed to deceive, and not an honest mistake, concerning which the plaintiff was in a position to practically inform himself, as well as the defendant." *Feldman* v. *Halpin,* 96 *N. J. L.* 75; *affirmed,* 97 *Id.* 324; also *Rowe* v. *Hannum,* 91 *Id.* 271.

In this respect equity follows the law. *Industrial Co.* v. *Plummer,* 84 *N. J. Eq.* 184.

These considerations lead us to conclude that the judgment under review must be reversed.