DAVID HART, Plaintiff, *v.* AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONN., and Another, Defendants.

Supreme Court, New York County, December 2, 1930.

*Multer & Multer* [*A. J. Multer* of counsel], for the plaintiff.

*Bigham, Englar, Jones & Houston* [*Arthur W. Clement* and *Henry J. Bogatko* of counsel], for the defendant Automobile Insurance Company.

*Arthur Frank,* for the defendant Martin H. Smith Company.

UNTERMEYER, J. The evidence establishes that the merchandise which is the subject of this litigation was not delivered at the plaintiff's warehouse in Calcutta. It must, therefore, not have been shipped by Martin H. Smith Company or have been lost in transit. It is conclusively proven, however, that the merchandise was packed and shipped by Martin H. Smith Company, and I, therefore, conclude that it was stolen in transit, notwithstanding that the cases arrived in apparently untouched condition. It may be that the larceny was committed at sea, where there was time and

opportunity to open and repack the cases without leaving visible evidence of the occurrence. Under those circumstances, the defendant insurance company would be liable for the loss if the action had been instituted within the period of one year specified in the policy. Not having been instituted within the year, I am of the opinion that the action cannot be maintained. In this respect the decision in *Royster Guano Co.* v. *Globe & Rutgers Fire Ins. Co.* (252 N. Y. 75, 78) is controlling here. There, as here, the action was brought by the holder of a certificate as distinguished from the holder of the policy. There, also, the certificate contained the provision that " this certificate represents and takes the place of the policy and conveys all the rights of the original policyholder (for the purpose of collecting any loss or claim), as fully as if the property were covered by a special policy direct through the holder of this certificate, and free from any liability for unpaid premiums."

It was held, however, as it must be held here, that the certificate incorporates the conditions of the policy under which it is issued and to which it refers. The certificate is merely a declaration by the insurance company that the merchandise is insured " under Policy No. 503957," and that it " conveys all the rights of the original policy holder " to the holder of the certificate. It does not constitute a separate and independent contract of insurance between the insurer and the holder of the certificate, but is rather in the nature of an assignment, *pro tanto*, by the holder of the policy of his rights thereunder impressed with whatever limitations may exist, except " any liability for unpaid premiums." The plaintiff, therefore, acquired the certificate subject to all the conditions of the policy, including the provision that suit for any loss sustained must be instituted within one year. (*Brandyce* v. *Globe & Rutgers Fire Ins. Co.*, 252 N. Y. 69.) The decision in *De Monchy* v. *Phœnix Insurance Co.* (44 Times L. R. 364) to the contrary has not been accepted as the law in this State. (See *Royster Guano Co.* v. *Globe & Rutgers Fire Insurance Co., supra,* 78, 79.) (See, also, *New York & Oriental S. S. Co., Inc.,* v. *Automobile Insurance Co.,* 32 F. [2d] 310, 312.)

Before trial the plaintiff served notice on the defendants requiring them to admit certain facts material to the case under sections 322 and 323 of the Civil Practice Act (§ 323, as amd. by Laws of 1926, chap. 679). The defendant Martin H. Smith Company complied in most respects concerning such of the facts as related to its participation in the transaction, but the defendant insurance company did not comply. Certain of the facts, however, which this defendant was called upon to admit related to matters of which

it is probable it had no knowledge, and, therefore, in my opinion, it should only be subjected to one-half of the expense, amounting to thirty-six dollars, involved in the taking of the depositions in Calcutta.

I accordingly direct a verdict in favor of the defendants, with costs, except for one-half of the expenditures, amounting to thirty-six dollars, incurred by the plaintiff in establishing facts which the defendant insurance company declined to admit, and judgment for which is hereby directed in favor of the plaintiff and against the defendant insurance company.