## FIDELITY & DEPOSIT CO. OF MARYLAND v. KROUT et al.

### No. 84.

Circuit Court of Appeals, Second Circuit.

Jan. 5, 1945.

Rubinton & Coleman, of Brooklyn, N. Y. (Leonard Acker, of Brooklyn, N. Y., of counsel), for appellant.

Stewart Maurice, of New York City, for Fidelity & Deposit Co. of Maryland.

Harold S. Fleischer, of New York City, for respondent.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

This action was brought in the District Court for the Eastern District of New York by the plaintiff, a Maryland corporation, against defendants Krout and Leiter, both of them residents of the Eastern District, and against Meadowbrook Farms, Inc., a New Jersey corporation. As the latter was not served with process and did not appear, the suit was discontinued as to it.

The plaintiff sought to recover $3,500 which it had paid to the First National Bank of Blairstown, N. J., in discharge of liability which it admitted on a bond it had issued to the bank, which was called a banker's blanket bond and covered loss to the bank resulting from its payment of forged checks. After filing findings of fact and conclusions of law, the court entered judgment for the amount claimed against defendant Krout and dismissed the complaint on the merits as to defendant Leiter. The plaintiff and Krout have both appealed.

The action arose out of the following circumstances: Krout and Leiter were stockholders in Meadowbrook Farms, Inc., and were respectively its president and secretary. Meadowbrook Farms, Inc., had a checking account in the First National Bank of Blairstown, on which the bank was authorized to honor checks of the corporation signed by Krout as well as by other officers named in a resolution of the corporation, a certified copy of which was on file in the bank. On April 21, 1941, Krout purchased Leiter's stock and the latter ceased to be an officer of the corporation. On that day Leiter presented to the bank for payment a check of Meadowbrook Farms, Inc., for $3,500 signed by himself and purportedly by Krout as officers, and payable to and endorsed by himself. The bank paid Leiter in cash the amount of the check and charged it against the balance then standing to the credit of Meadowbrook Farms, Inc. The remaining balance was insufficient to pay other checks which were presented for payment the next day and the bank so notified Meadowbrook Farms, Inc. Later that day Krout appeared at the bank and, insisting that his signature was forged on the check Leiter had cashed, demanded that the amount paid on that check be restored to the account of Meadowbrook Farms, Inc. Still later on the same day he signed and swore to an affidavit to the effect that the check was forged, and delivered the affidavit to the bank. The next day the bank notified the plaintiff, its insurer, of the claim of forgery which Krout had made. The plaintiff thereupon sent a representa-

tive to interview Krout, who persisted in his assertion that he had not signed the check. On April 28, Krout executed and delivered to the bank another affidavit in which he swore that he neither signed the check nor authorized anyone else to sign it on his behalf, that his signature was forged, and that he made the affidavit for the purpose of inducing the bank to reimburse Meadowbrook Farms, Inc., in the sum of $3,500. The bank then restored that amount to the account of Meadowbrook Farms, Inc., and the plaintiff paid the bank the same amount as for a loss for which it was liable under its policy.

In its complaint in this suit the plaintiff set forth the facts substantially as stated above and alleged in addition that it had "demanded of the defendant Leiter that he repay to it or to Blairstown Bank the said sum of Three Thousand Five Hundred ($3500.00) Dollars, but said defendant refused so to do and asserted that said check was and is in all respects the genuine check of the defendant Meadowbrook, bearing the genuine signatures of the defendant Krout and of the defendant Leiter who were president and secretary, respectively, of said defendant Meadowbrook on said 21st day of April, 1941." It demanded judgment against Krout and Meadowbrook Farms, Inc., if Leiter's representations were found to be true and in the alternative against Leiter if Krout's representations were established.

Krout denied in his answer that he had signed the check and alleged as a separate and affirmative defense that it had been drawn on a blank which the bank knew was used only to pay milk producers and which it was authorized to honor only for such purpose, and that the bank well knew that Leiter was not a milk producer and that the payment of the check by the bank was unauthorized by Meadowbrook Farms, Inc. He also alleged on information and belief that Leiter had wrongfully inserted his own name in the check as payee without the knowledge and consent of Krout and had likewise filled in the amount. Then he cross claimed against Leiter to the extent of any judgment the plaintiff might obtain against him.

Leiter's answer to the complaint and the counterclaim was in general a denial of liability on his part and a release from Meadowbrook Farms and Krout. It need not be summarized further. He added a counterclaim against Krout and Meadow-

brook Farms, Inc., based on allegations of fraud and deceit in disputing the execution and delivery of the check. After trial the court, having found that the signature of Krout on the check was genuine and that his assertions that it was a forgery were false and fraudulent, entered judgment for the plaintiff as above stated.

Before any witnesses were sworn, however, there was a lengthy discussion between court and counsel as to the pleadings, during which the plaintiff's attorney moved to compel the defendant Krout to elect between his defense that his signature was forged and his defense that the bank "was guilty of some other breach of duty in honoring the check." The latter of course referred to the affirmative defense that the bank knew the check was one on which payment only to a milk producer was authorized. The court granted the motion. Thereupon Krout's attorney excepted to the ruling and elected to stand upon the affirmative defense.

The trial then proceeded on the assumption that the signature was genuine. This forced election of defenses was contrary to the provisions of Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides that "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim shall be asserted in the responsive pleading thereto." And it was also in disregard of that part of Rule 8(e) which provides that "A party may also state as many separate claims or defenses as he has regardless of consistency." As it was a denial of appellant Krout's right to make his complete defense not only to the plaintiff's complaint but to the counterclaim of defendant Leiter, the error affects both the judgment against Krout and the judgment in favor of Leiter. Both judgments must, therefore, be reversed.

It is obvious that on a retrial the respective rights of the parties in interest will have to be worked out with due regard to what may be established as to the genuineness of the check and the authority of the bank to pay it even if it was not forged. Though it does not now appear that the bank did more than establish a credit in favor of Meadowbrook Farms, Inc., when it restored the amount of the check to the checking account of its customer, the proof may show that it honored checks against this credit before it had notice that

the check in controversy might be genuine despite Krout's representation to the contrary. Moreover, whether or not it has any standing as a subrogee, the plaintiff may be entitled to recover from Krout the payment it made to the bank if it can show that it paid in reliance upon Krout's fraudulent representations directly to it that the check was forged. Consequently the rights of none of the parties can now be finally determined and the entire cause must be remanded.

Reversed and remanded.