## FIDELITY & DEPOSIT CO. OF MARYLAND v. KROUT et al.

No. 59, Docket 20319.

Circuit Court of Appeals, Second Circuit.

Argued Oct. 17, 1946.

Decided Nov. 8, 1946.

Maurice & McNamee, of New York City (Stewart Maurice and Charles R. McNamee, both of New York City, of counsel), for Fidelity & Deposit Co. of Maryland.

Rubinton & Coleman, of Brooklyn (Leonard Acker, of Brooklyn, of counsel), for Irving Krout.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The appeal is by defendant Krout from a judgment for the plaintiff, and a dismissal of the cause of action on the merits as to defendant Leiter, entered in the District Court for the Eastern District of New York. The judgment followed the re-trial of the action by court without a jury after our reversal of a former judgment against Krout and in favor of Leiter and the remand of the cause. See, Fidelity & Deposit Co. of Maryland v. Krout, 2 Cir., 146 F.2d 531. Familiarity with the facts stated in the opinion in that case will now be assumed.

At the second trial, it was proved and found that Krout's signature on the check was genuine. It was also proved and found that after Krout represented to the bank that his signature on the check was forged the bank so notified the plaintiff which made an investigation "in the course of which the defendant Krout represented to the plaintiff that his name appearing upon the $3,500.00 check hereinbefore described was a forgery." It was also proved and found that, "The defendant Krout made said false representations to Blairstown Bank and to the plaintiff for the express purpose of inducing Blairstown Bank to restore the sum of $3,500.00 to the account of Meadowbrook Farms, Inc., of which corporation he then was an officer, director and stockholder, and for the express purpose of inducing the plaintiff to authorize Blairstown Bank to restore said sum to said account and to pay Blairstown Bank the amount of said loss." And further that the, "Blairstown Bank and the plaintiff believed the said false representations made by the defendant Krout and relied thereon. Blairstown Bank thereby was induced to restore and did restore the sum of $3,500.00 to the account of Meadowbrook Farms, Inc.; the plaintiff thereby was induced to authorize and did authorize Blairstown Bank to restore said sum to said account; and the plaintiff thereby was induced to pay and did pay Blairstown Bank the amount of said loss."

Some of the evidence in support of the above findings was received over the objection of Krout on the ground that the pleadings did not allege that the false representation was made directly to the plaintiff that Krout's signature on the check was forged; and that the plaintiff relied on such representation when it paid the bank the amount of the check. But the complaint was amended during the trial to conform to the proof and that technical objection was thus cured. At the time the amendment was allowed Krout's attorney was told by the court that he could have additional time to prepare his defense if he desired but he declined that offer and chose to rely on his exception. It is obvious that he was not put to any disadvantage by way of surprise and the allowance of the amendment was a sound exercise of discretion well within Rule 15(b), Federal Rules Civil Procedure, 28 U.S.C.A. following section 723c. Although there was then no intimation that a trial by jury was desired, it is now argued that the allowance of the amendment deprived Krout of the right to a jury trial. It is clear that Krout had known long before this trial that the plaintiff claimed to have relied on his false representation to its representative that his signature on the check was

forged. The action as brought originally was triable by jury and the amendment changed nothing in that respect. Failure to claim the right in accordance with Rule 38(b), Federal Rules Civil Procedure, was a waiver under subdivision (d) of that rule. Gulbenkian v. Gulbenkian, 2 Cir., 147 F.2d 173, 176; James Richardson & Sons v. Conners Marine Co., 2 Cir., 141 F.2d 226, 230 note 2; McNabb v. Kansas City Life Ins. Co., 8 Cir., 139 F.2d 591, 595.

■ It has been argued that because the plaintiff's investigation of Krout's fraud was more extensive than merely interviewing him the plaintiff did not prove reliance upon his misrepresentations. Whether it did rely upon them was a question of fact and the evidence well supports the finding that it did. Under the law of New Jersey where the fraud was perpetrated, reliance was shown if it clearly appeared, as it certainly did, that the plaintiff justifiably believed and acted upon Krout's representation to its damage and his representation was the inducing cause of its having so acted. Byard v. Holmes, 34 N.J.Law 296; Restatement of Torts, Secs. 546 and 547(2). See also, Hayward v. Passaic National Bank & Trust Company, 120 N.J.Eq. 512, 186 A. 728; Mount v. Loizeaux, 86 N.J. Law 511, 92 A. 593.

■ Having induced the plaintiff to rely upon his false representation that his signature upon the check was forged, and the plaintiff having justifiably done so and paid the bank as for a loss insured under plaintiff's bond, as indeed it would have been had Krout's representation been true, Krout is now estopped from relying upon the genuineness of his signature to show that the payment was not actually that of a loss within the coverage of the bond. Dickerson v. Colgrove, 100 U.S. 578, 25 L.Ed. 618; Wysokowski v. Polish-American Building & Loan Ass'n of City of Newark, 95 N.J.L. 352, 113 A. 246; see also Wepakowska v. Polish-American Building & Loan Ass'n of City of Newark, 96 N.J.L. 447, 115 A. 438.

■ This cause of action having been established we need not decide whether that based upon the claim of subrogation was also. Apparently the party not served, Meadowbrook Farms, Inc., was the one benefitted by Krout's fraud and that corporation seems to have been almost wholly owned by him at the time. At any rate Leiter was shown merely to have cashed, and the bank to have paid, a genuine check of that corporation and no cause of action against Leiter was proved.

Judgment affirmed.