7 N.J. Super. 293 (1950)
73 A.2d 67
EMIL A. SCHROTH, TRADING AS EMSCO EQUIPMENT COMPANY, PLAINTIFF-RESPONDENT,
v.
COAL OPERATORS CASUALTY COMPANY, A CORPORATION OF PENNSYLVANIA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1950.
Decided April 27, 1950.
*294 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Andrew Lawrie argued the cause for the appellant.
Mr. Robert Carey, Jr., argued the cause for the respondent (Mr. Thomas V. Jardine on the brief).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from a judgment for plaintiff entered in the Essex County District Court.
In January, 1948, James Duncan, an independent trucking contractor, solicited work from the plaintiff Emil A. Schroth, trading as Emsco Equipment Company. The plaintiff advised that he would require evidence that Duncan carried workmen's compensation and public liability and property damage insurance. Thereupon, Duncan applied for such insurance to the defendant, Coal Operators Casualty Company, paid a premium of $50 and was advised that $40 additional premium was due. The defendant applied the $50 premium to workmen's compensation policy C-47876 which it delivered and prepared public liability and property damage policy LMC-8747. Although this latter policy was completed and countersigned, it was never delivered but was held by the defendant pending payment of the $40. There is a stipulation in the agreed statement in lieu of record (Rule 1:2-22) that Duncan was not to have any benefit from the public liability and property damage insurance policy until he had paid the additional premium.
*295 Under date of January 24, 1948, the defendant executed a certificate which certified that it had issued the workmen's compensation policy C-47876 and public liability and property damage policy LMC-8747 to the assured Duncan. This was delivered to plaintiff who, in reliance thereon, engaged Duncan to move a machine from Rutherford to the plaintiff's factory at Newark. While the machine was in Duncan's possession and control he negligently dropped and damaged it. Public liability and property damage policy LMC-8747 contains in its regular printed portion certain exclusions including paragraph (g) which provides that the policy does not apply, insofar as property damage liability thereunder is concerned, to any property in the "care, custody or control of the insured." The plaintiff, after having obtained judgment unsatisfied against Duncan, demanded that the defendant pay for the damage to his machine and, upon refusal, instituted his action in the Essex County District Court which rendered judgment in the sum of $430.06 in his favor.
It is not disputed that if public liability and property damage policy LMC-8747 had actually been delivered to Duncan it would have afforded no coverage against property damage to the machine which was admittedly in his care, custody or control. And the certificate by the defendant representing to the plaintiff that policy LMC-8747 had been issued to Duncan would not, in any wise, increase the policy coverage or enlarge the defendant's liability beyond its terms. See Hart v. Automobile Insurance Co. of Hartford, Connecticut, 140 Misc. 399, 246 N.Y.S. 586 (Sup. Ct. 1930); Conner v. Manchester Assurance Co., 130 Fed. 743 (C.C.A. 9th 1904). See also Home Insurance Co. v. Favorite, 46 Ill. 263, 267 (Sup. Ct. 1867), where the Court, in dealing with an action on a certificate issued by the insurance company certifying that Favorite was insured under policy 12261, held that if such policy was in existence its terms were "part of the contract" and, further, that if the policy had not been prepared a printed form embodying the customary terms contemplated by the parties could be introduced.
*296 The plaintiff contends that all of the foregoing is inapplicable since his action was not in contract to enforce the terms of the certificate but was in tort for alleged fraud and deceit by the defendant in misrepresenting that public liability and property damage policy LMC-8747 had been issued. It is settled, however, that whether his action was in tort or contract he was obliged to establish that his damage proximately resulted from the defendant's wrongful conduct. See Nite Kraft Corp. v. United States Trucking Corp., 112 N.J.L. 294, 299 (Sup. Ct. 1934). This requirement of causal relation has often been applied in fraud and deceit actions. See Byard v. Holmes, 34 N.J.L. 296, 297 (Sup. Ct. 1870); Boyd v. Schussler, 81 N.J.L. 275, 276 (Sup. Ct. 1911); 37 C.J.S., § 41, p. 290, § 42, p. 296.
Assuming that plaintiff sufficiently established all of the other elements in his asserted action for fraud and deceit (Byard v. Holmes, supra), we are nevertheless satisfied that he has not shown any damage resulting from the wrongful conduct. The defendant's representation was that it had issued public liability and property damage policy LMC-8747. Plaintiff knew that this policy, as policies generally, would not insure against all events but would extend coverage in accordance with its terms and conditions. He did not request the policy but chose to rely upon the representation that public liability and property damage policy LMC-8747 had been issued to Duncan. If it had actually been issued it would have afforded no coverage whatever to Duncan or the plaintiff for the damage to the machine while in Duncan's possession and control. The plaintiff is no worse off than if the representation upon which he relied had been true in every respect; he cannot be said to have been harmed by its falsity. Cf. Hackner v. Morgan, 130 F.2d 300, 303 (C.C.A.2d, 1942); cert. den., sub nom. Eastman v. Guaranty Trust Co., 317 U.S. 691, 87 L.Ed. 553 (1942); rehearing den., 317 U.S. 713, 87 L.Ed. 568 (1943); 37 C.J.S., § 41, p. 289.
The judgment of the District Court is reversed.