27 N.J. Super. 95 (1953)
99 A.2d 183
ALPFARM COMPANY, INC., PLAINTIFF,
v.
DEFENSE LOAN AGENCY, INC., A BODY CORPORATE OF THE STATE OF NEW JERSEY; STATE OF NEW JERSEY; THE MORTGAGE CORPORATION OF NEW JERSEY, A BODY CORPORATE OF THE STATE OF NEW JERSEY; N. LOUIS ROSDAHL; UNITED STATES OF AMERICA; BUSCH BROTHERS, INC.; VERDI WOODCRAFT COMPANY, INC.; OLSON FLOORING COMPANY, INC., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided August 17, 1953.
*97 Mr. Herbert W. Britt, attorney for plaintiff.
Messrs. Riker, Emery & Danzig, attorneys for defendants Defense Loan Agency, Inc., and The Mortgage Corporation of New Jersey.
Messrs. Morrison, Lloyd & Griggs, attorneys for defendant N. Louis Rosdahl.
Mr. Grover C. Richman, Jr., United States Attorney.
GRIMSHAW, J.S.C.
This is an action for the foreclosure of a purchase money mortgage given to the plaintiff by a corporation known as Godfrey Estates, Inc. The dispute between the parties to this litigation is over the effectiveness of a release given by the plaintiff freeing from the lien of its mortgage two lots known as 22 and 23, Block 281, on a map entitled, "Map of Closter Village, Section 3, Closter, Bergen County, N.J."
The sequence of events is as follows: On May 29, 1951 Alpfarm Company, Inc. transferred to Godfrey Estates a large tract of land, including the property in question. The deed was dated March 9, 1951, acknowledged March 9, 1951 and recorded in the Bergen County Clerk's office on May 29, 1951. On May 29, 1951 Godfrey Estates executed and delivered to Alpfarm Company a mortgage in the sum of $60,500, to secure the payment of the balance of the purchase price. The mortgage was dated March 9, 1951. It was proved on May 24 and recorded on May 29, 1951. On that same date Godfrey Estates conveyed the lands to Closter Village. The deed was dated, proved and recorded on May 29, 1951, and recited that it was subject to a mortgage in *98 the sum of $60,500 held by the Alpfarm Company. Also on May 29, 1951, Alpfarm Company executed a release of mortgage which was dated March 9, proved May 24, and recorded May 29. The release stated that in consideration of the receipt of the sum of $1,500, Alpfarm Company released lots 22 and 23 in Block 281, on the above map, from the lien of its purchase money mortgage. On May 29 Closter Village executed and delivered to the defendant Mortgage Corporation of New Jersey, a construction mortgage in the sum of $450,000, which mortgage was dated, proved and recorded on May 29, 1951. All of the instruments mentioned above were recorded simultaneously in the Bergen County Clerk's office.
On May 1, 1951 Closter Village executed to the defendant N. Louis Rosdahl, a mortgage covering lot 22 in Block 281 on the above-referred to map, which mortgage, for $5,850, was recorded in the Bergen County Clerk's office on June 20, 1951. Also on May 1, 1951 Closter Village executed to N. Louis Rosdahl a mortgage covering lot 23, Block 281. That mortgage was for $5,850 and was recorded in the Bergen County Clerk's office on June 20, 1951.
The defendants claim priority over the lien of plaintiff's mortgage as to lots 22 and 23 in Block 281, which are those covered by the release. Plaintiff, on the other hand, argues that the release was void for failure of consideration, the check for $1,500 given for the release having been dishonored.
At the close of the hearing I announced my conclusion that the defendant Mortgage Corporation of New Jersey was entitled to rely on the release, and that as to the lots covered by the release its lien is prior to that of the plaintiff's mortgage.
There remains for consideration the position of the defendants Rosdahl and the Defense Loan Agency. It is not denied that Rosdahl advanced $11,700 to Closter Village. Nor is it asserted that he was aware of any alleged defect in the release when his mortgages were recorded. Plaintiff, in accepting a mortgage to secure the unpaid balance of the purchase price, waived its vendor's lien. Acton v. Waddington, *99 46 N.J. Eq. 16 (Ch. 1889), affirmed 46 N.J. Eq. 611 (E. & A. 1890). Thereafter, its security was the mortgage.
Plaintiff executed and delivered for recording the release of lots 22 and 23 before the check given in payment therefore had been cashed. By its own act it made possible the situation in which the parties now find themselves. It could have required the cash before surrendering the release. It did not. It surrendered the release and now is estopped from asserting that it is void in so far as the defendant Rosdahl is concerned. Wysokowski v. Polish-American, &c., Assn., 95 N.J.L. 352 (Sup. Ct. 1920), affirmed 96 N.J.L. 447 (E. & A. 1921); Manchester Bldg., &c., Assn. v. Geyer, 71 N.J. Eq. 192 (Ch. 1906). In my opinion Rosdahl was entitled to rely on the effectiveness of the release given by the plaintiff, and his mortgages are entitled to priority over the lien of plaintiff's mortgage, so far as lots 22 and 23 in Block 281 are concerned.
The Defense Loan Agency is in a different position. On July 26, 1951 one Joseph M. Henehan was appointed trustee in bankruptcy of Closter Village, Inc., then the holder of the title to the property in dispute. The trustee in bankruptcy petitioned the referee for leave to sell the property covered by defendant's mortgage, free of the lien of the encumbrance thereon. Plaintiff filed an answer to the trustee's petition and set up its claim to priority. It alleged the nonpayment of the consideration for the release and asserted its invalidity, claiming a lien for the entire purchase price of $60,500. Thereafter, upon order of the referee in bankruptcy, the trustee Henehan sold to Defense Loan Agency, Inc. his right, title and interest in the property as trustee, as well as the right, title and interest of Closter Village.
Before it purchased from the trustee in bankruptcy, Defense Loan Agency, Inc. was obligated to inquire as to the extent of the right, title and interest of the trustee, and the extent of the claims against the property. Had it done so, it would have become aware of the fact that the consideration for the release had not been paid, and that it was *100 void for lack of consideration, as between the plaintiff and Closter Village.
In my opinion the defendant Defense Loan Agency was not entitled to rely upon the release and its interest in the property is subordinate to the interest of the plaintiff.
Judgment accordingly.