WALTER C. GUILDER, HERMAN A. SCHATZ, GROVE H. SCHATZ AND J. WILLIAM SCHATZ, PARTNERS, TRADING AS GUILDER ENGINEERING COMPNY, PLAINTIFFS-APPELLANTS, v. BOONTON-PINE BROOK-NEW YORK BUS COMPANY, A CORPORATION, LOUIS WAXBERG AND JACOB KONNER, DEFENDANTS-RESPONDENTS.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellants, *Herbert M. Ellend* (*William C. Brunyate,* of counsel).

For the respondents, *Harrison & Roche.*

The opinion of the court was delivered by

HETFIELD, J. The appellants, engaged in the business of manufacturing motor trucks and coaches, at Poughkeepsie, New York, instituted suit to recover the balance due on a

series of promissory notes, made by the Boonton-Pine Brook-New York Bus Company, and endorsed by Louis Waxberg and Jacob Konner, the respondents herein, in accordance with the terms of two conditional sales agreements, providing for the purchase and delivery of two auto buses, which the defendant bus company proposed to use in the operation of a transportation system between Boonton, New Jersey, and New York City. The bus company agreed to pay the sum of $10,910.14 for each of said buses; and the appellants claimed there was an unpaid balance due, amounting to $4,555.66. There was an answer and counter-claim filed, which, in substance, alleged, among other things, that the buses were not as represented, and that the bus company was induced to make the purchase by reason of false and fraudulent representations of the plaintiffs, to the effect that the buses were mechanically perfect in all parts, and in general construction, and were capable of performing the work for which the bus company intended to use them, and were equal to buses built by the Pierce-Arrow Motor Company and the Yellow Coach Motor Company, and further, that the plaintiffs agreed to cancel all payments that were due, take the buses back to the factory and replace the defective parts, and redeliver them, giving credit for the payments previously made; but contrary to the plan agreed upon, the plaintiffs, after obtaining possession, permitted the buses to be sold; and the bus company, by reason of the plaintiffs' said acts, had sustained damages.

The jury rendered a verdict of no cause of action against the plaintiffs, and in favor of the defendants on the counter-claim, in the sum of $6,741.16, and judgment was entered accordingly, from which this appeal is taken.

The first ground upon which a reversal is sought, is that the trial court erroneously refused to grant a nonsuit of the defendants' counter-claim, as there was no evidence presented to justify the jury in finding for the defendants. We think there was ample evidence, most of which was uncontradicted, to warrant the court's action in submitting to the jury the questions of whether the plaintiffs fraudulently induced the

bus company to purchase the buses, and if a new agreement had been made and breached, as alleged in the counter-claim, and what damages, if any, the bus company had sustained, by reason of such acts. There was evidence to indicate that Walter C. Guilder, a member of the appellant firm, represented to Louis Waxberg, secretary of the bus company, that the buses were capable of performing the work to be required of them; that they were mechanically perfect, and were as good as the Pierce-Arrow or Yellow Coach buses; and that the bus company relied upon these statements when making the purchase, and had paid $11,298.26 on account, when the buses were returned to the plaintiffs; that within three days after the buses had been put in operation, one of the front springs broke, and continually thereafter, some part of the mechanism would either break or get out of order; that the bus company experienced difficulties with the generators, the crank case was broken, and it was necessary to obtain several new wheels and hubs, and there was continual trouble with the water pump on the motor; and that the appellants had knowledge that some of these parts were defective before the buses were shipped. There was evidence to support the charge contained in the counter-claim with respect to the failure of the plaintiffs to carry out the terms of a new agreement relating to the payment of the outstanding notes and the repairing of the buses. Whether these false representations were in fact made to induce the sale, and rightfully relied upon by the bus company, and whether the buses were in all things as represented, were questions for the jury.

The next ground of reversal, is that the trial court erred in permitting testimony of the witness, Louis Waxberg, concerning certain conversations, wherein plaintiffs made fraudulent representations, prior to the execution of the conditional sales agreement. It is contended that evidence of this character was inadmissible, because it violated the well-settled rule, that parole evidence cannot be admitted to vary, change, or alter a written instrument, and also by reason of a provision contained in the sales agreement, that "purchaser acknowledges receipt from seller of a true copy of this instru-

ment which comprises the entire contract between the parties and supersedes any and all other agreements, respecting the property herein described." We think that the defendants were properly allowed to show by parol evidence, that false representations were made and relied upon when the buses were purchased. The rule is well established, that for the purpose of proving fraud, verbal statements, which are material and fraudulent, although made before, or at the time of the written agreement, may be proved, as such evidence tends to disaffirm the contract, and to show that there was no contract in fact. The cases cited in appellants' brief do not assert the contrary. The defendants in the case at bar did not seek to change or alter the agreements but sought to avoid them by reason of the false representations which induced them. The fact that the contract contained the provision referred to, does not in any way change or affect the rule; otherwise, such an article would preserve a contract, no matter what false and fraudulent misrepresentations might have been made before or at the time of execution.

The last ground of reversal attacks the action of the trial court in admitting in evidence an alleged warranty concerning the buses, which was not signed, but had the name of the plaintiffs printed at the bottom of the document, and which was handed to the secretary of the bus company by one of the plaintiffs, prior to the execution of the sales agreements. This paper was admitted as part of the negotiations had between one of the appellants, Walter C. Guilder, and the secretary of the bus company, and we think properly so, for the reason that when fraud is involved, the rules of evidence are very liberal, and a wide latitude is given the party seeking to establish that fact. 27 *C. J.* 50.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.