IGNATIUS ABOCZKY AND ELIZABETH ABOCZKY, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. ALBERT A. STIER, EXECUTOR OF THE ESTATE OF HELENA STIER, DECEASED, DEFENDANT-APPELLANT.

Argued October 1, 1940—Decided February 20, 1941.

Before Justices BODINE and PORTER.

For the plaintiffs-respondents, *Tulenko & Micklus*.

For the defendant-appellant, *William N. Gurtman* (*Aaron Z. Schomer,* of counsel).

The opinion of the court was delivered by

PORTER, J. This action was brought for the recovery of money paid by the plaintiffs to the defendant under a contract for the purchase of property in Garfield which it is alleged the defendant breached. The contract was in writing and was dated June 29th, 1939. Under its terms the defendant agreed to procure a mortgage loan for the plaintiffs on the property for $3,500; that the plaintiffs were to have possession of the premises from July 1st, 1939, and were to pay therefor the sum of $30 monthly until the passing of title. No date for that event was specified. It appears that the plaintiffs paid the defendant $250 toward the purchase price, as provided in the agreement, and $30 for the rent or occupancy for the month of July. The plaintiffs remained in possession from July 1st to October 23d, 1939.

The defendant denied breaching the contract contending that he was ready, able and willing to perform within a reasonable time and that the plaintiffs refused to perform on their part. The defendant also counter-claimed for the agreed price for occupancy for the months of August, September and October, 1939, and for legal expenses incurred in obtaining the mortgage loan and in ejectment proceedings made necessary to obtain possession after the plaintiffs' refusal to take title or deliver up possession. It appeared that upon the execution of the agreement the defendant sought a mortgage loan, as he had agreed to do, but that he did not succeed in obtaining it until the middle of August, 1939; that the plaintiffs were kept informed of his progress and expressed no dissatisfaction therewith until August 22d, 1939, when they requested a return of their down payment. That was refused and the attorneys for both parties fixed September 5th, 1939, as the time for the closing. At that time the defendant was

able and willing to convey good title according to the terms and conditions of the agreement. A few days before that date the plaintiffs advised their attorney that they had decided not to take title to the property. That fact was later communicated by him to the attorney for the defendant.

The trial court, sitting without a jury, found a verdict for the plaintiff in the sum of $160 and costs and dismissed the counter-claim. This appeal is from the judgment so entered.

There having been no time fixed for the performance of the contract the law is settled that by implication a reasonable time was intended. Nor may evidence be submitted to show a specific date for performance which tends to vary the legal interpretation of the contract, which, as here, calls for performance by implication within a reasonable time. *Lean* v. *Leeds*, 92 *N. J. Eq.* 455; 22 *Corp. Jur.* 1118.

It appeared that the parties, previously to the date of the contract sued on, June 29th, 1939, had had negotiations concerning the purchase of the property and that on June 3d, 1939, a memorandum agreement had in fact been drawn up and signed by all the parties. In it provision was made for the passing of title "on or before July 1st, 1939." This agreement was accepted in evidence over objection by the defendant. This action by the trial court constituted reversible error. Parol or extrinsic evidence of contemporaneous or prior understandings, negotiations or agreements are inadmissible to alter, vary, contradict or supersede a valid written agreement. *Grueber Engineering Co.* v. *Waldron*, 71 *N. J. L.* 597; *Shinn* v. *Black*, 97 *Id.* 219; *Yentis* v. *Townsend*, 104 *Id.* 428; *Brauer* v. *Trustees of First Methodist Church of Red Bank*, 124 *N. J. Eq.* 247.

For these reasons the judgment is reversed, and the case remanded for a new trial in accordance with these views, costs to abide the event.