63 N.J. Super. 369 (1960)
164 A.2d 607
OCEAN CAPE HOTEL CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MASEFIELD CORPORATION AND GREATER CAMDEN REALTY COMPANY, BOTH CORPORATIONS OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1960.
Decided October 19, 1960.
*375 Before Judges GOLDMANN, FREUND and KILKENNY.
Mr. Henry Gorelick argued the cause for plaintiff-appellant (Mr. Nathan C. Staller, attorney; Mr. Gorelick, on the brief).
Mr. Marvin D. Perskie argued the cause for defendants-respondents (Messrs. Perskie and Perskie, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
Plaintiff appeals from a summary judgment entered in defendants' favor by the Superior Court, Chancery Division. Plaintiff alleged that it was induced by the fraudulent oral representations of defendant Masefield Corporation (Masefield) to lease from the latter the Admiral Hotel, in Cape May, for the summer of 1958. The alleged deceitful representations consisted of statements that certain structural defects in the leased premises would be "corrected well in advance of the season," more specifically, "by Memorial Day." The repairs were not completed until the first week in August, and the consequent alleged unsightliness and disorder in the operation of the hotel assertedly resulted in serious financial losses for plaintiff.
*376 Masefield subsequently transferred the Admiral Hotel by deed to Greater Camden Realty Company. Plaintiff alleges that the conveyance was made without, consideration, and has therefore joined the Realty Company as a party defendant.
The negotiations between the representatives of the plaintiff corporation and the defendant Masefield resulted, on April 9, 1958, in a comprehensive agreement whereby Masefield leased the hotel to Ocean Cape Hotel Corporation (Ocean Cape) for a period of seven months, commencing April 1, 1958, and terminating on October 31, 1958, for a rental of $17,500. Having made the initial rental deposit of $2,500 upon execution and delivery of the lease, Ocean Cape, through its principal officer and stockholder, George James, subsequently informed Masefield that no further rental payments would be made pending settlement of the dispute regarding structural repairs.
The relief desired by plaintiff consists essentially of the following: the setting aside of the Masefield-Greater Camden conveyance; an injunction against disposition of Masefield's funds other than in the regular course of business; and compensatory and punitive damages for the fraud allegedly perpetrated.
We pause only briefly to discuss defendants' contention that plaintiff Ocean Cape has no standing to maintain this appeal. It appears that, prior to the filing of the appeal, Ocean Cape had been adjudicated a bankrupt, and a trustee had been designated. Defendants urge that all of the bankrupt's causes of action are vested in the trustee, and that the trustee must obtain the approval of the bankruptcy court before assuming the prosecution of the action or delegating its prosecution to the bankrupt. 11 U.S.C.A. § 29, sub. c, p. 189. They contend that plaintiff has not demonstrated compliance with either of these rules.
But with respect to an action by the bankrupt which, as here, is pending at the time of formal adjudication, the trustee does not have to obtain court approval in order to allow the bankrupt to continue prosecution of the action, *377 but only in order to intervene for the purpose of prosecuting the action himself. Mere adjudication of bankruptcy and appointment of the trustee do not deprive the bankrupt of his right to continue prosecution of the action. Paradise v. Vogtlandische Maschinen-Fabrik, 99 F.2d 53 (3 Cir. 1938); Melnick v. Commercial Casualty Ins. Co. of Newark, N.J., 221 App. Div. 599, 224 N.Y.S. 516 (1927). If he considers it to be in the best interests of the bankrupt's estate, the trustee may allow the action to proceed, unaffected by the bankruptcy adjudication. See 8 C.J.S. Bankruptcy § 212d, p. 695. Of course, any recovery is for the benefit of the bankrupt's estate. See 1 Collier, Bankruptcy, § 11.10, p. 1173 (1956).
Our rule is that affirmative consent on the part of the trustee is not necessary, and that mere failure to intervene is sufficient indication of consent to the continued prosecution by the bankrupt. See Paradise v. Vogtlandische Maschinen-Fabrik, supra, 99 F.2d, at p. 55.
Defendants' major defense, on the basis of which the trial court granted summary judgment, is Paragraph Seventh of the lease agreement, which reads as follows:
"Seventh: Lessee hereby acknowledges, declares and admits that no representation as to the physical condition of the property or its operations, or its furniture, furnishings, contents, appliances, equipment, or appurtenances, or of the past operations, or the results thereof, have been made by Lessor or its agents prior to or at the time of the execution of this lease, which are not herein expressed or endorsed hereon in writing."
Plaintiff, in maintaining that the pleadings and affidavits made out a prima facie case of fraud, urges that fraud in the inducement to contract cannot, as a matter of law, be waived by the mere insertion, in the written agreement, of a clause disaffirming any obligations or representations outside of the four corners of the instrument.
It is well settled that a party to an agreement cannot, simply by means of a provision in the written instrument, create an absolute defense or prevent the introduction of *378 parol evidence in an action based on fraud in the inducement to contract. Guilder v. Boonton-Pine Brook-New York Bus Co., 110 N.J.L. 103, 105 (E. & A. 1933); Duralith Corp. v. Van Houten, 113 N.J.L. 374, 376 (E. & A. 1934); Series Publishers, Inc. v. Greene, 9 N.J. Super. 166, 170 (App. Div. 1950); Schlossman's, Inc. v. Niewinski, 12 N.J. Super. 500, 506 (App. Div. 1951). See Annotation, 56 A.L.R. 13, 51; 32 C.J.S. Evidence § 979, pp. 942-945.
Thus, while the parol evidence rule operates to prohibit the introduction of oral promises to alter or vary an integrated written instrument, Naumberg v. Young, 44 N.J.L. 331 (Sup. Ct. 1882), parol proof of fraud in the inducement is not considered as either additional or substitutionary but rather as indicating that the instrument is, by reason of the fraud, void or voidable. The Timken Silent Automatic Corp. v. Vetrovec, 119 N.J.L. 500, 503 (Sup. Ct. 1938). The evidence is admitted, not in order to enforce the contract, but rather to avoid it, or as here, to prosecute a separate action predicated upon the fraud. See Schlossman's, Inc. v. Niewinski, supra; Union Fur Shop Inc. v. Max Melzer, Inc., 133 N.J. Eq. 416, 418, 419 (E. & A. 1943). Thus a limitation such as Paragraph Seventh herein does not bar evidence of such fraud. As stated by Judge Augustus Hand in Arnold v. National Aniline and Chemical Co., 20 F.2d 364, 370 (2 Cir. 1927); 56 A.L.R. 4, 12 (1928):
"The writing constitutes the agreement of the parties, and the vendee has no rights under it other than those given by its terms. It may have been induced to go into it by antecedent statements which have turned out to be incorrect, but if the promisor has agreed to nothing not covered by the instrument the vendee can have no remedy under the contract merely because some prior representations were wrong. If, however, it can prove that the vendor has knowingly deceived it, that the deceit was an inducement to the contract, and that it relied upon it to its damage, the situation is quite different."
In any event, Paragraph Seventh would not present defendant with a valid defense to the misrepresentations *379 charged by plaintiff. The alleged misrepresentations do not relate to "the physical condition of the property or its operation," to "its furniture, furnishings, contents, appliances, equipment, or appurtenances," or to "past operations, or the results thereof." The representations on which plaintiff supposedly relied relate only to the repair of certain structural defects in the leased premises "well in advance of the season."
Plaintiff's complaint clearly sounds in tort for fraud and deceit. The gravamen of the action is that plaintiff was fraudulently induced to enter into the lease arrangement and not that defendant should be held to a promissory obligation. Thus, we must pass on the question of whether the pleadings and affidavits make out a prima facie case of fraud.
Defendants' motion below was cast in the alternative, as a motion for judgment on the pleadings or for summary judgment. But it is clear that the former could not have been granted, as the pleadings had not been closed  i.e., defendant had not filed an answer at the time the motion was made. R.R. 4:12-3. In the absence of any indication by the trial court as to which of these motions it purported to grant, we will assume that the motion was properly made and judgment entered in accordance with R.R. 4:58-2 and 4:58-3.
On a motion for summary judgment, we must decide whether genuine issues of material fact are presented, sufficient to defeat a determination for either party as a matter of law. R.R. 4:58-3. In arriving at this decision, all doubtful inferences are to be drawn in favor of the opponent of the motion and against the movant. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 75 (1954); Breen v. Peck, 28 N.J. 351, 355 (1958); Bouley v. Borough of Bradley Beach, 42 N.J. Super. 159, 168 (App. Div. 1956).
The essential elements of an action for fraud and deceit are: (1) a representation by defendant to the plaintiff *380 with intent that the latter rely upon it; (2) knowledge on the part of defendant that the representation is in fact false; (3) belief by the plaintiff that the representation is true; (4) reliance on such representation; and (5) the taking of action and consequent injury. Byard v. Holmes, 34 N.J.L. 296, 297 (Sup. Ct. 1870); Kosobucki v. McGarry, 104 N.J.L. 65, 66 (E. & A. 1927); Fischetto Paper Mill Supply, Inc. v. Quigley Co., Inc., 3 N.J. 149, 152 (1949); Louis Schlesinger Co. v. Wilson, 22 N.J. 576, 586 (1956); Schoharie County Coop. Dairies, Inc. v. Eisenstein, 22 N.J. Super. 503, 505 (App. Div. 1952).
In order to form the basis for an action in deceit, the alleged fraudulent representation must relate to some past or presently existing fact and cannot ordinarily be predicated upon matters in futuro. Anderson v. Modica, 4 N.J. 383, 391 (1950); Comfort Spring Corp. v. Brooks Equipment Corp., 13 N.J. Super. 564, 566 (App. Div. 1951); Landriani v. Lake Mohawk Country Club, 26 N.J. Super. 157, 160 (App. Div. 1953); Piechowski v. Matarese, 54 N.J. Super. 333, 345 (App. Div. 1959). An exception to this rule exists in the case of a false representation of an existing intention, i.e., a "false state of mind." Samatula v. Piechota, 142 N.J. Eq. 320, 323 (Ch. 1948); Piechowski v. Matarese, supra. See Annotation, 125 A.L.R. 879.
It is clear that a statement to the effect that certain structural repairs will be completed well in advance of the season does not constitute an affirmation of past or present extrinsic fact, but rather relates to a future event. Cf. Anderson v. Modica, supra. Thus, examining the pleadings and affidavits in the light most favorable to plaintiff, we must consider whether a genuine issue of fact arises as to whether Masefield, through its officers and agents, falsely represented an existing intention to complete the repairs within the specified period. If defendant's alleged representation was a mere promise collateral to the contract, and not an affirmation of a present state of mind, then fraud may not be found because there has been no statement *381 of an existing fact. Comfort Spring Corp. v. Brooks Equipment Corp., supra; Halpern v. Cafarelli, 98 N.J.L. 77, 79 (Sup. Ct. 1922). See Restatement, Torts, § 525; Prosser, Torts, § 90, pp. 563-66; 1 Harper & James, Torts, § 7.10, p. 570.
We are of the opinion that a false intention cannot be gleaned from the allegations in the pleadings and affidavits. True, the complaint states that Masefield knew that the "representations were false and that said warranties could not be honored." But no facts are set forth in the attached affidavits which in any way give support to this broad allegation. Circumstances subsequent to the execution of the lease seem, in fact, to weaken the allegation. A repair crew was dispatched by Masefield on May 10, 1958 and, by plaintiff's own admission, work had begun by the middle of May on the removal of an unsightly and unsafe cornice of the hotel. Plaintiff's affidavits make repeated reference to the rate of speed with which the work was prosecuted, and blame the delay in completion of the repairs on the small number of workmen and the short daily hours devoted to these repairs. These circumstances do not support a finding of fraudulent intent.
Misrepresentation of a present state of mind, with respect to a future matter, may be concluded from the utter recklessness and implausibility of the statement in light of subsequent acts and events, Zuckerman v. Geller, 103 N.J. Eq. 145 (Ch. 1928); from a showing that at the time of the making of the promise, the promisor's intention to perform was dependent upon contingencies known to the promisor and unknown to the promisee, Brittingham v. Huyler's, 118 N.J. Eq. 352, 356 (Ch. 1935), affirmed 120 N.J. Eq. 198 (E. & A. 1936); or from circumstances indicating that the promisor must have known at the time of his promise that he could not or would not fulfill it. See Samatula v. Piechota, supra. For example, in Roberts v. James, 83 N.J.L. 492 (E. & A. 1912), representations were made by plaintiff to defendant that there existed contracts for the erection of *382 25 houses on certain property, and that the property would be further developed. The court held that a prima facie case of fraud existed with respect to the affirmation of fact as to the 25 contracts. From the falsity of that statement, a jury might reasonably infer, said the court, that plaintiff had also falsely represented his state of mind when he expressed an intention to develop the property in the future.
We do not discern similar or analogous circumstances in the pleadings and affidavits presented at the hearing below. We find not a scintilla of fraud in the original contract or transaction, but only the nonfulfillment of an alleged collateral promise. See Ebert v. Givas, 109 N.J. Eq. 495 (E. & A. 1932). There is not a shred of proposed proof of the existence of a wrongful intent on the part of Masefield on or before April 9, 1958, the date the lease was executed. The intention of the promisor not to perform is not sufficiently established by mere proof of nonperformance; moreover, failure to perform does not impose upon the alleged promisor the burden of showing that his nonperformance was due to circumstances which arose after the making of the agreement. Cf. Flaherty v. Schettino, 136 Conn. 222, 70 A.2d 151 (Sup. Ct. Err. 1949); Restatement, Torts, § 530, comment c. In the instant case, defendant Masefield's delay in making the structural repairs constitutes, at best, a breach of contract. Anderson v. Modica, supra, 4 N.J., at p. 392.
The action at bar, however, is not grounded in contract, but in fraud. Moreover, proof of these additional oral representations, as a foundation for a suit for breach of contract, would be inadmissible as violative of the parol evidence rule. Atlantic Northern Airlines, Inc. v. Schwimmer, 12 N.J. 293 (1953). The written lease is an integrated reflection of the parties' agreement. The matter of structural repairs is covered by Paragraph Tenth of the instrument, wherein it is stated that:
"* * * Lessor shall not be required to make any alterations or repairs upon or to the premises other than outside structural *383 repairs and to the roof; outside structural repairs and repairs to the roof shall be made by Lessor. * * *"
Where no time is fixed for the performance of a contractual obligation, it is the settled implication that a reasonable time was intended. Lean v. Leeds, 92 N.J. Eq. 455, 456 (E. & A. 1921). Parol evidence of a specific date may not be introduced to vary this implication. Aboczky v. Stier, 126 N.J.L. 109, 111 (Sup. Ct. 1941). Thus, even were we to take the unwarranted step of construing plaintiff's pleadings as stating a claim for breach of contract, the necessary allegation, that defendant has not performed its obligation to repair within a reasonable time, has not been set forth.
We are not unmindful of the Supreme Court's admonition in Judson v. People's Bank & Trust Co. of Westfield, supra, 17 N.J., at p. 76, that it is ordinarily very difficult to sustain the conclusion, based solely on the presentation of papers, that there exists no genuine issue of material fact with respect to the subjective elements of willfulness, intent or good faith. But we repeat that aside from the allegation in the complaint that defendant represented with knowledge that it would not perform, we can find no evidence in the moving papers to support a claim of false intention. Mere assertions in the pleadings are not sufficient to defeat a motion for summary judgment. In Judson, supra, 17 N.J., at p. 75, it is stated that "summary judgment procedure pierces the allegations of the pleadings to show that the facts are otherwise than as alleged."
Lastly, we should note that, aside from the entire question of the substance of the alleged fraudulent representations, Ocean Cape's allegations are procedurally insufficient as a statement of a cause of action in fraud. The complaint does not allege intent on the part of Masefield that Ocean Cape should rely on the representation. While our rules are designed to accomplish substantial justice and to obviate many of the former technicalities, "malice, intent, knowledge, and other condition of mind of a person * * *" *384 should still be averred in a complaint of fraud. R.R. 4:9-1. Although the rule requires that intent be averred only "generally," it must nonetheless be averred. Anderson v. Modica, supra, 4 N.J., at p. 392.
Affirmed.