**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3631-22

DAYS INNS WORLDWIDE, INC.,
a Delaware Corporation,

     Plaintiff-Respondent,

v.

BASCO TRUST, a California Trust,
and STEVEN BEIN, an individual,

     Defendants-Appellants.

_____

BASCO TRUST, a California Trust,
and STEVEN BEIN, an individual,

     Third-Party Plaintiffs-
     Appellants,

v.

DAVID PATEL and DRP
MANAGEMENT, LLC,

     Third-Party Defendants.

_____

Submitted January 28, 2025 – Decided April 7, 2025

Before Judges Gilson, Firko, and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0874-19.

Guarino & Co. Law Firm, LLC, attorneys for appellants (Philip L. Guarino, on the briefs).

Connell Foley, LLP, attorneys for respondent Days Inns Worldwide, Inc. (Patrick E. During, of counsel; Bryan P. Couch, of counsel and on the brief).

PER CURIAM

Plaintiff Days Inns Worldwide, Inc. (plaintiff or Days Inns) had a licensing agreement (the License Agreement) with defendant Basco Trust (Basco), under which Basco operated a hotel as a Days Inn. Defendant Steve Bein (Bein) is the sole trustee of Basco, and he signed a guaranty (the Guaranty), agreeing to pay or perform all Basco's obligations under the License Agreement.

Days Inns sued defendants, alleging that they breached the License Agreement and Guaranty. Days Inns sought payment of outstanding fees owed under the License Agreement, liquidated damages, interest, attorneys' fees, and costs. Following a bench trial, the trial court found that defendants had breached the License Agreement by failing to make payments of fees and by terminating the License Agreement prematurely. The trial court also rejected all of defendants' alleged defenses. Consequently, on July 11, 2022, the trial court

2

entered a judgment awarding Days Inns $134,444.94 in fees owed and $312,691.95 in liquidated damages. On June 29, 2023, the trial court entered a second judgment awarding Days Inns $57,208.41 in attorneys' fees and $2,569.91 in costs.

Defendants now appeal from both judgments. Essentially, defendants dispute the factual findings made by the trial court and argue that the trial court should have found that Days Inns had breached the License Agreement and Bein should not have been liable under the Guaranty. Because the trial court's findings of facts are supported by substantial credible evidence, and because the judgments are consistent with well-established law, we reject all of defendants' arguments and affirm both judgments.

I.

On November 17, 2004, Days Inns and Basco entered into the License Agreement, which permitted Basco to use the Days Inn brand for a hotel it owned in Rawlins, Wyoming. Bein signed the License Agreement on behalf of Basco. The hotel originally had 118 rooms and later it was expanded to 120 rooms.

The License Agreement was for fifteen years, running from November 2004 through December 2019. Under the License Agreement, Days Inns agreed

to provide certain services to Basco and Basco agreed to pay monthly fees for those services and for the use of the Days Inn brand.

In terms of its obligations, Days Inns, under Section four of the License Agreement, agreed to provide Basco with training, a computerized reservation system, marketing, and other services. In September 2015, Basco and Days Inns signed an additional agreement, giving Basco use and access to certain computer programs and systems (the SynXis Agreement). Under Section five of the SynXis Agreement, Basco was to pay certain fees to use the computer programs and systems. If Basco failed to make those payments, Basco's use of the systems could be "suspend[ed] . . . until such amounts [were] paid in full."

Under Section seven of the License Agreement, Basco agreed to pay taxes and "[r]ecurring [f]ees," including a monthly royalty fee, system assessment fees, and a "Basic Service Charge." Basco also agreed to pay interest on overdue fees and taxes calculated at 1.5 percent per month or the maximum rate permitted by the law. Section eighteen of the License Agreement also discussed how and at what rate Basco would pay certain recurring fees.

The License Agreement set forth the rights and remedies of the parties. Section 11.1 stated that Basco would be in default if it failed to make payments

A-3631-22

when due, failed to perform its obligations, or if it "otherwise breach[ed] [the License] Agreement."

Section 11.2 allowed Days Inns to terminate the License Agreement for various breaches, including if Basco (1) did not cure a default; (2) discontinued operating the hotel as a "Days Inn" hotel; or (3) lost possession of or the right to possess the hotel. Section 11.4 also stated that Days Inns could suspend the hotel from its reservation system for any default or failure to pay or perform under the License Agreement.

In Section 12.1 of the License Agreement, Basco agreed to pay liquidated damages if the License Agreement was terminated under Section 11.2 or if Basco terminated the License Agreement prematurely. In that regard, Section 12.1 stated, in relevant part:

> If [Days Inns] terminate[s] the License under Section 11.2, or [Basco] terminate[s] this Agreement (except under Section 11.3 or as a result of our default which we do not cure within a reasonable time after written notice), [Basco] will pay [Days Inns] within [thirty] days following the date of termination, as Liquidated Damages, an amount equal to the sum of accrued Royalties and Basic Service Charges during the immediately preceding [twenty-four] full calendar months (or the number of months remaining in the unexpired Term (the "Ending Period") at the date of termination, whichever is less.)

A-3631-22

The License Agreement also stated that if there was a dispute between the parties, the "non-prevailing party will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce [the License] Agreement or collect amounts owed under [the License] Agreement."

Additionally, the License Agreement had several provisions governing how and where a legal action could be brought. In that regard, the License Agreement stated that it would be "governed by and construed under the laws of the State of New Jersey, except for its conflict[] of law principles." Basco also consented to jurisdiction in New Jersey and venue "in the New Jersey state courts situated in Morris County." Moreover, both parties waived their right to a jury trial.

Shortly after Bein signed the License Agreement on behalf of Basco, he signed the Guaranty. In the Guaranty, Bein agreed that if Basco defaulted under the License Agreement, he would "immediately make each payment and perform or cause [Basco] to perform, each unpaid or unperformed obligation of [Basco] under the [License] Agreement."

The parties operated under the License Agreement from 2004 to 2017. In 2017, Basco fell behind in making certain recurring fee payments. As a result, in late 2017, Days Inns twice suspended the reservation system for the hotel.

Bein claims that he negotiated an oral agreement with Days Inns under which he or Basco would pay $10,000 per month towards the unpaid fees and Days Inns would restore the reservation system. Bein paid $10,000 in early December 2017. Bein also asserts that Days Inns thereafter reneged on the oral agreement by demanding $18,000 or $19,000 per month towards the arrears.

On January 23, 2018, Basco, in a letter signed by Bein, informed Days Inns that effective February 5, 2018, the hotel would cease to operate as a Days Inn and instead would be operated as a Magnuson Hotel. In a letter dated February 28, 2018, Days Inns acknowledged Basco's termination of the License Agreement and advised Basco that it was required to pay Days Inns liquidated damages for the premature termination and all outstanding recurring fees through the date of the termination. In that regard, Days Inns demanded $178,319.63 in liquidated damages and $87,926.59 in fees and charges. Neither Basco nor Bein made any payments towards the outstanding recurring fees or the liquidated damage claim.

Basco ceased operating the hotel as a Days Inn effective February 5, 2018. Apparently, the agreement with Magnuson Hotels did not work out and Bein testified that the hotel was lost in a foreclosure proceeding.

A-3631-22

In April 2019, Days Inns sued defendants in the Law Division in Morris County. Days Inns asserted claims against defendants for breach of the License Agreement and the Guaranty and sought payments of the outstanding recurring fees, liquidated damages, interest, attorneys' fees, and costs.

Defendants filed an answer to the complaint and asserted various defenses. Defendants did not, however, file any counterclaim against Days Inns.[1]

After various pretrial proceedings, a two-day bench trial was conducted in May 2022. The trial court heard testimony from three witnesses: two executives of Days Inns or its parent company, and Bein. The Days Inns executives explained the relationship between Days Inns and Basco, and how Days Inns calculated its alleged damages. Bein testified about his communications with various representatives of Days Inns, particularly the communications he had in December of 2017. The parties also submitted into evidence various exhibits and documents to support their positions.

---

[1] Defendants did file a third-party complaint against David Patel and DRP Management, LLC, who they alleged agreed to operate the hotel as a Magnuson Hotel. The record does not reflect what happened with those third-party claims, but they are not at issue on this appeal.

A-3631-22

On July 11, 2022, the trial court entered a judgment in favor of Days Inns awarding it $134,444.94 for unpaid recurring fees, and $312,691.95 in liquidated damages. Both those amounts included pre-judgment interest. The trial court also ruled that Days Inns was entitled to attorneys' fees and costs under the License Agreement.

In support of the judgment, the trial court issued a written statement setting forth its findings of facts and conclusions of law. The trial court found that Basco had breached the License Agreement by terminating the Agreement prematurely. The court also found that Basco had fallen behind in paying the monthly recurring fees. Relying on exbibits submitted by Days Inns, the trial court found that Basco owed Days Inns $134,444.94 in fees for services provided between June 2017 to February 2018.

Addressing the liquidated damages, the trial court determined that the provision was reasonable and enforceable under the law. The court then found that defendants had terminated the License Agreement prematurely by ending it on February 5, 2018, twenty-two months before its expiration date. The trial court also accepted Days Inns' proofs that it was entitled to $312,691.95 in liquidated damages.

In reaching its conclusions, the trial court considered, but rejected, defendants' defenses. The court found that Days Inns had provided the training it agreed to under the License Agreement. The trial court also found that Days Inns had not breached the License Agreement by suspending the reservation system for the hotel from November 19, 2017 to November 30, 2017, and again on December 18, 2017. Concerning the suspensions, the trial court found that at those times, Basco was in financial arrears and Days Inns had the right to suspend the reservation system under Section 11.4 of the License Agreement.

The trial court expressly rejected Bein's claim that Days Inns had agreed to a new oral agreement to accept $10,000 per month towards the outstanding fees to restore the reservation system. The trial court also rejected defendants' claim that Days Inns breached the License Agreement concerning the marketing services provided. Instead, the court found that Days Inns had provided the marketing services as required by the License Agreement.

The trial court also found that Bein had signed and agreed to the Guaranty. In that regard, the court noted that the parties had submitted different copies of the Guaranty and defendants had argued that the copy they submitted was illegible and unclear. Focusing on the legible copy of the Guaranty, the trial

10

court held that the Guaranty had been signed by Bein, and its terms and conditions were clear.

The trial court then directed Days Inns to submit certifications to support its claims for attorneys' fees and costs. After receiving Days Inns' submissions, and reviewing defendants' opposition, on June 29, 2023, the trial court issued a second judgment awarding Days Inns $57,208.41 in attorneys' fees and $2,569.91 in costs. The trial court supported that second judgment with an additional statement of reasons.

In its statement of reasons, the trial court analyzed Days Inns' claims for attorneys' fees and costs. It noted that Days Inns was seeking $87,351.17 in counsel fees. The court found that $14,900 of those fees were not properly supported. The trial court also found that 40.9 hours of the claimed services were excessive and, therefore, it further reduced the fees claim by $13,998.50.

Concerning the costs, the trial court noted that Days Inns had ordered expedited transcripts, which the court found were not necessary. Accordingly, the court reduced the costs by $1,244.26. Days Inns had sought costs of $3,814.27 and, therefore, the trial court reduced that amount to $2,569.91.

Defendants now appeal from both judgments.

II.

On appeal, defendants make four arguments. They contend that the trial court erred in (1) finding that defendants breached the License Agreement and not finding that Days Inns had breached the Agreement; (2) not finding that Days Inns breached the implied covenant of good faith and fair dealing; (3) holding Bein liable under the Guaranty; and (4) awarding Days Inns attorneys' fees and costs. Neither the facts nor the law support defendants' arguments.[2]

We review a "trial court's determinations, premised on the testimony of witnesses and written evidence at a bench trial," under a deferential standard. Nelson v. Elizabeth Bd. of Educ., 466 N.J. Super. 325, 336 (App. Div. 2021) (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)). We accept the trial court's factual findings unless "they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" D'Agostino, 216 N.J. at 182 (alteration in original) (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011)). A trial court's legal conclusions and the legal consequences that flow from established facts are reviewed de novo. Motorworld, Inc. v. Benkendorf,

---

[2] Defendants do not challenge the liquidated damages or how the damages awards, including the interest imposed, were calculated. Accordingly, we do not address those issues.

228 N.J. 311, 329 (2017); <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995).

A. The Breach of the License Agreement.

After hearing all the testimony and considering the exhibits admitted into evidence, the trial court found that in 2017 Basco had failed to pay several months of recurring fees when they were due. The trial court also found that Basco prematurely terminated the License Agreement twenty-two months early by ceasing to operate the hotel as a Days Inn on February 5, 2018. Those findings are amply supported by the credible evidence at trial. Those facts also establish breaches under Section 11.2 of the License Agreement. In addition, the premature termination of the License Agreement triggered the liquidated damages provision in Section 12.1.

The trial court also considered but rejected each of defendants' contentions that Days Inns had breached the License Agreement thereby justifying Basco's termination. Defendants had argued that Days Inns had breached the License Agreement by (1) not providing appropriate training; (2) not providing appropriate marketing; and (3) improperly suspending the hotel's reservation system. The trial court found that Days Inns had provided the training called for under the License Agreement. The court also found that Days Inns had

13

marketed the hotel as required by the License Agreement. In that regard, the trial court pointed out that the License Agreement was clear in explaining that Days Inns would provide general marketing on behalf of the Days Inn trade name and would not necessarily market specific hotels.

Finally, the trial court found that Days Inns acted within its contractual rights to suspend the reservation system at Basco's hotel in November and December 2017, because Basco had fallen behind in making its recurring monthly fee payments. To support that finding, the court pointed to Section 11.4 of the License Agreement, which expressly stated that Days Inns had the right to suspend the reservation system if Basco, after notice, "default[ed] or fail[ed] to pay or perform."

Defendants simply disagree with the trial court's factual findings. Our scope of review on an appeal is not to reweigh or reevaluate the disputed facts; rather we consider if the facts found by the trial court are supported by credible evidence. D'Agostino, 216 N.J. at 182. As we have already summarized, in this matter the factual findings are supported by substantial credible evidence.

B.     The Alleged Breach of the Implied Covenant of Good Faith and Fair Dealing.

An implied covenant of good faith and fair dealing exists in every contract in New Jersey. Wood v. N.J. Mfrs. Ins. Co., 206 N.J. 562, 577 (2011); Sons of

Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 420 (1997).  "[A] party claiming a breach of the covenant of good faith and fair dealing 'must provide evidence sufficient to support a conclusion that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties.'"  Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 182 N.J. 210, 225 (2005) (quoting 23 Williston on Contracts § 63:22, at 513-14 (Lord Ed. 2002)).

The implied covenant of good faith and fair dealing, however, "cannot override an express term in a contract."  Wilson v. Amerada Hess Corp., 168 N.J. 236, 244 (2001); see also Barila v. Bd. of Educ. of Cliffside Park, 241 N.J. 595, 616 (2020) (holding that courts must enforce a contract as written, when the language is clear and unambiguous).  In that regard, "when the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result."  Barila, 241 N.J. at 616 (quoting Quinn v. Quinn, 225 N.J. 34, 45 (2016)).  So, when a contract contains a clear and unambiguous integration clause, the parol evidence rule "prohibits the introduction of [oral and documentary] evidence that tends to alter [the] integrated written document."  Conway v. 287 Corp. Ctr. Assocs., 187

N.J. 259, 268 (2006) (citing Restatement (Second) of Conts § 213 (Am. L. Inst. 1981)).

Defendants argue that Bein negotiated an oral agreement with Days Inns, under which Basco would pay $10,000 per month towards the unpaid fees and Days Inns would restore the reservation system. Defendants then argue that Days Inns reneged on that agreement thereby breaching an implied covenant of good faith and fair dealing. We reject that argument for two reasons.

First, the trial court, after hearing testimony and considering the exhibits, expressly rejected Bein's claim that Days Inns had agreed orally to accept $10,000 per month towards the outstanding fees to restore the reservation system. The trial court found that Days Inns had not confirmed they agreed to accept the $10,000 to restore the reservation system. The trial court also found that Bein's claim was inconsistent with Section 11.4 of the License Agreement, which allowed Days Inns to suspend the reservation system when Basco was behind on its monthly payments.

Second, the License Agreement had an integration clause which stated: "All modifications, waivers, approvals and consents of or under this Agreement by [Days Inns] must be in writing and signed by [a Days Inns] authorized representative to be effective." Defendants' reliance on the alleged oral

16

agreement is inconsistent with the integration clause and, therefore, is not enforceable.  See Walid v. Yolanda for Irene Couture, Inc., 425 N.J. Super. 171, 185 (App. Div. 2012) (stating that "the parol evidence rule operates to prohibit the introduction of oral promises to alter or vary an integrated written instrument" (quoting Ocean Cape Hotel Corp. v. Masefield Corp., 63 N.J. Super. 369, 378 (App. Div. 1960))).

C.    The Guaranty.

Bein argues that he should not have been found liable under the Guaranty because its terms were unclear.  To support that position, Bein points to an exhibit defendants submitted, which is a blurred copy of the Guaranty.  He then argues that the Guaranty is "virtually incomprehensible."  Days Inns, however, produced a legible copy of the Guaranty.

The trial court considered these same arguments by defendants but rejected them.  The trial court found that Bein had signed the Guaranty and rejected his argument that he did not understand it.  Instead, the trial court found that the Guaranty was "sufficiently" clear in explaining that Bein was personally guaranteeing the payments and performance of Basco under the License Agreement.

A-3631-22

The trial court's findings concerning the Guaranty are supported by the substantial credible evidence presented at trial. There is no dispute that Bein signed the Guaranty. The terms of the Guaranty are clear in stating that "[u]pon default by [Basco] and notice" Bein would "immediately make each payment and perform or cause [Basco] to perform, each unpaid or unperformed obligation of [Basco] under the [License] Agreement."

D.     The Attorneys' Fees and Costs Award.

"A prevailing party can recover counsel fees if expressly allowed by statute, court rule, or contract." Empower Our Neighborhoods v. Guadagno, 453 N.J. Super. 565, 579 (App. Div. 2018). Generally, the party who prevails on a breach of contract claim satisfies the contractual right for an award of fees. Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 385-86 (2009).

We review an award of attorneys' fees for an abuse of discretion. Empower Our Neighborhoods, 453 N.J. Super. at 579; Shore Orthopaedic Grp., LLC v. Equitable Life Assurance Soc'y of the U.S., 397 N.J. Super. 614, 623 (App. Div. 2008). "[F]ee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Empower Our Neighborhoods, 453 N.J. Super. at 579 (alteration in original) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)).

In this matter, Days Inns was entitled to reasonable attorneys' fees and costs under Section 17.4 of the License Agreement. That provision, which described remedies, states: "The non-prevailing party will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect [monies] owed under this Agreement." The trial court found that Days Inns was the prevailing party in the litigation.

The trial court then reviewed and evaluated Days Inns' submissions concerning its attorneys' fees and costs. The trial court also reviewed defendants' opposition to those fees and costs. Days Inns had sought $87,351.17 in attorneys' fees. The court reduced that claim by $28,898.50, finding that $14,900.00 was not supported by the proofs and $13,998.50 was not reasonable, because the nature of the services rendered was not explained. The trial court also reduced the request for costs by $1,244.26, because Days Inns had chosen to order expedited transcripts, which the court found were unnecessary. While the trial court's analysis could have been more detailed, we discern no abuse of discretion and no reversible error in the court's award of attorneys' fees and costs.

The New Jersey Supreme Court has repeatedly stated that trial courts should evaluate the reasonableness of a fee request by comparing the amounts

A-3631-22

requested to the amount of damages recovered.  See Packard-Bamberger & Co., 167 N.J. at 445-46; Litton Indus., Inc., 200 N.J. at 386-87.  The litigation here involved claims for unpaid recurring fees and liquidated damages.  Days Inns recovered a judgment of $447,136.89 (consisting of $134,444.94 for recurring fees and $312,691.95 for liquidated damages).  An award of $57,208.41 in attorneys' fees is reasonable in comparison to the amount of damages actually recovered.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division