**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3180-24

ELIE ESPER,

    Plaintiff-Appellant,

v.

KYE SHIOBARA,

    Defendant-Respondent.

_____

Submitted May 6, 2026 – Decided May 27, 2026

Before Judges Smith and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7465-20.

Asatrian Law Group, LLC, attorneys for appellant (Martin V. Asatrian, of counsel and on the brief; Jeffrey Zajac, on the brief).

Jared M. Lans & Associates, attorneys for respondent (Jared M. Lans, on the brief).

PER CURIAM

Plaintiff Elie Esper appeals from the trial court's order granting defendant Kye Shiobara's motion for a directed verdict in this negligence action in which plaintiff sought compensation for damages allegedly caused by defendant to plaintiff's real property. At trial, the judge struck plaintiff's liability expert and plaintiff did not present expert testimony regarding the issue of damages. At the conclusion of plaintiff's case, defendant moved to dismiss the complaint under Rule 4:37-2(b). The judge granted the motion. After reviewing the record, we affirm.

I.

Plaintiff sued defendant for damages after construction activities on defendant's property, adjacent to plaintiff, caused plaintiff's retaining wall to collapse during a rainstorm. Plaintiff substantiated her claims that defendant was liable for that damage with a report from BNJ Engineering PC. Although the report noted that defendant's site improvements probably caused the damage to plaintiff's property, it was devoid of any damages information. However, plaintiff provided a one-page estimate from Graziano Developers & General Contractors ("Graziano") setting forth a description of work to construct a new retaining wall on the property and a corresponding price. Notably, the estimate failed to identify the specific individual who prepared

2

the estimate and plaintiff initially did not provide any further information about the author of the report.

Following the submission of the reports, plaintiff's attorney passed away, as did one of Graziano's principals. On March 9, 2024, plaintiff obtained substitute counsel and continued the litigation.

Defendant moved to bar plaintiff's expert and to dismiss the complaint. Substantively, defendant sought summary judgment arguing plaintiff's estimate to replace the retaining wall was insufficient as a matter of law to be used to establish the damages plaintiff needed to prove. The motion judge disagreed and denied the application, finding there were "clearly genuine issues of disputed material fact regarding the cause of the failure of the wall and the extent of resultant damage to the [p]laintiff[']s property." The motion judge also recognized the unique procedural circumstances that were presented following the untimely passing of both plaintiff's original attorney and the individual plaintiff proffered to provide damages testimony. The judge therefore endeavored to "fashion a remedy to address the current situation in a manner fair to both parties and permit an adjudication on the merits, while being mindful of the age of the case." The judge provided plaintiff with

3

additional time to supplement their damages report. According to the court's order:

> [] Plaintiff [was] directed to identify what individual has authored the estimates/damages reports in question and will testify at trial within five days hereof.
>
> [] Plaintiff [was] permitted two weeks from this order to supplement the estimate/damages reports of the expert plaintiff identified above.
>
> [] Defendant [was] permitted two weeks after the service of the amended estimates/damages report to take the deposition of the author of said report and/or provide a responsive report.
>
> [] No other discovery [was] permitted.[1]

Days later, plaintiff complied with the court's order and identified the name of the expert witness along with his licensure, professional, and contact information.

Two months later, on the eve of trial, and in his pre-trial memorandum plaintiff requested permission to obtain a new damages report:

> Plaintiff was alerted to the fact that their damage expert has passed away and [] plaintiff would like to have a new damage expert testify at trial as to the replacement cost of the retaining wall and the surrounding area.

---

[1] Plaintiff has not appealed this order.

A-3180-24

> Plaintiff would like to adjourn the trial so that they have the opportunity to give [] defendant a right to depose the new damages experts [so] there is no element of surprise at trial. It is important to note that . . . plaintiff brough[t] it to counsel's attention [less] than [five] days ago. A pre-trial conference is requested in order to address the death of the damage expert witness.

Plaintiff then corresponded with the Civil Presiding Judge requesting a thirty-to-ninety-day adjournment to allow plaintiff to obtain a new damages expert. Trial began on April 28, 2025.

At the close of plaintiff's case, the trial judge granted defendant's motion for a directed verdict under <u>Rule</u> 4:37-2(b).[2] The judge amplified his reasons for dismissing the complaint in a supplemental oral opinion on May 1, 2025.

The trial judge indicated he "struck the testimony of plaintiff's liability expert . . . on the grounds . . . that it was a net opinion . . . ." The trial judge also concluded the testimony of the expert was "speculative in nature, not based on any facts, studies, calculations or other information typically utilized by an engineer in the field to issue an opinion as to causation, resulting from water flow from a higher elevation to a lower elevation."

---

[2] We have not been provided with transcripts of the trial including the trial court's initial oral decision granting the motion for a directed verdict.

The trial judge additionally detailed plaintiff's lack of any damages testimony concluding the absence of this proof was also sufficient to grant defendant's directed verdict motion. According to the court, damages were an essential element of plaintiff's negligence claims where monetary relief is sought. Expert testimony, according to the court, was integral to establish both the existence and quantum of damages given the technical nature of the issues involved. Specifically, the court found plaintiff failed to present any competent evidence to demonstrate how defendant's improvement on his property decades earlier altered the natural flow of stormwater and caused the retaining wall to collapse. The trial judge further found he was not equipped to determine the pecuniary value of the property nor the cost of repairs without the benefit of expert guidance. Consequently, the judge granted the motion and dismissed the complaint.

## II.

On appeal, plaintiff limited his argument to his contention the trial court erred in granting defendant's motion for a directed verdict.[3] In response,

---

[3] Plaintiff does not raise any issue about the trial court's decision to bar his liability expert. We deem this issue waived. See Morris v. T.D. Bank, 454 N.J. Super. 203, 206 n.2 (App. Div. 2018) ("An issue not briefed is deemed waived on appeal.") (citing N.J. Dept. of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505-06 n.2 (App. Div. 2015)).

A-3180-24

defendant maintains the directed verdict was properly entered because plaintiff failed to present evidence of damages through expert testimony or other admissible evidence, despite being given the opportunity by the court to do so. Essentially, plaintiff relies on equitable notions to assert that the delay in obtaining a new expert report should permit the relief requested. We find this argument unavailing.

We review a motion for a directed verdict de novo by applying the same standard as the trial court. See Sackman v. New Jersey Mfrs. Ins. Co., 445 N.J. Super. 278 (App. Div. 2016). "Although we defer to the trial court's feel for the evidence, we owe no special deference to the trial court's interpretation of the law." Lechler v. 303 Sunset Ave. Condo. Ass'n, 452 N.J. Super. 574, 582 (App. Div. 2017) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Under Rule 4:37-2(b), the applicable standard for assessing a motion for a directed verdict "is whether the evidence, together with legitimate inferences that can be drawn from it, could sustain a judgment in favor of the party opposing the motion." Furey v. Cnty. of Ocean, 273 N.J. Super. 300, 309 (App. Div. 1994); see also R. 4:37-2(b). "This includes accepting as true all evidence supporting the party opposing the motion and according that party the

7                                                                                    A-3180-24

benefit of all favorable inferences, and if reasonable minds could differ, the motion must be denied." Ibid. (citing Dolson v. Anastasia, 55 N.J. 2, 5 (1969)).

If "no rational [factfinder] could conclude that . . . plaintiff marshaled sufficient evidence to satisfy each prima facie element of a cause of action," the trial court should grant defendant's motion. Smith v. Millville Rescue Squad, 225 N.J. 373, 397 (2016) (quoting Godfrey v. Princeton Theological Seminary, 196 N.J. 178, 197 (2008)). However, "a judge is not to consider 'the worth, nature or extent (beyond a scintilla) of the evidence,' but only review 'its existence, viewed most favorably to the party opposing the motion.'" Lechler, 452 N.J. Super. at 582 (quoting Dolson, 55 N.J. at 5-6).

To establish a prima facie case of negligence, a plaintiff must establish there was "(1) a duty of care, (2) breach of that duty, (3) proximate cause, and (4) actual damages." D'Alessandro v. Hartzel, 422 N.J. Super. 575, 579 (App. Div. 2011) (quoting Conklin v. Hannoch Weisman, 145 N.J. 395, 417 (1996)). Allegations alone will not defeat a meritorious motion for a directed verdict. See N.J. Mortgage & Inv. Corp. v. Calvetti, 68 N.J. Super. 18, 25 (App. Div. 1961) (citing Ocean Cape Hotel Corp. v. Masefield Corp., 63 N.J. Super. 369,

383 (App. Div. 1960)).  To meet the entirety of its burden of proof, plaintiff must also prove actual damages.

As a general proposition, the purpose of compensatory damages is to compensate plaintiff for actual losses.  Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 48 (1984); see also 525 Main St. Corp. v. Eagle Roofing Co., 34 N.J. 251, 254 (1961).  Regarding their proof, "[i]t is well-settled that the 'law abhors damages based on mere speculation.'"  Mosley v. Femina Fashions, Inc., 356 N.J. Super. 118, 128 (App. Div. 2002) (quoting Caldwell v. Haynes, 136 N.J. 422, 442 (1994)).  However, a plaintiff is only required to "prove damages with such certainty as the nature of the case may permit, laying a foundation which will enable the trier of the facts to make a fair and reasonable estimate."  Lane v. Oil Delivery, 216 N.J. Super. 413, 420 (App. Div. 1987).

In its supplemental statement of reasons, the trial court found that plaintiff failed to provide any proof of damages.  Although plaintiff contends he was unable to meet his burden because the trial court denied his adjournment request and barred additional damages evidence at trial, the record showed plaintiff had ample time, under the terms of the summary judgment order, to obtain and submit additional expert testimony.

9

We are satisfied that expert testimony was necessary to establish the damages claimed in this case. The factual issues presented are beyond the understanding of an average factfinder, particularly with respect to the damages plaintiff allegedly sustained because of defendant's conduct. Kelly v. Berlin, 300 N.J. Super. 256, 268-70 (concluding expert testimony as to damages is required where "[w]ithout [such] testimony, a [factfinder] does not have the knowledge, training, or experience" to consider all the relevant factors to arrive at a proper award of damages). Without expert guidance, a factfinder would be left to speculate as to causation. Similarly, even if causation were established, the factfinder on this record would be impermissibly compelled to assess the types of materials involved and determine whether complete replacement of the retaining wall was necessary, or whether the alleged harm could have been mitigated by other means.

Plaintiff failed to present expert testimony to justify the need for complete replacement of the retaining wall. Moreover, plaintiff failed to submit evidence, such as receipts or repair estimates, to substantiate his claims for damages, whether related to the retaining wall, the home, or other aspects of the property. Without this proof, we discern no error in the trial judge's

decision to conclude plaintiff did not meet his burden of establishing damages and to grant a directed verdict.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3180-24